W. L. LOCKWOOD, Appellant, v. R. O. BAIRD, State Food Commissioner, and D. E. Shipley, Inspector of Hotels, Respondents.

(231 N. W. 851.)

714

Opinion filed August 1, 1930.

*John O. Hanchett,* for appellant.

*James Morris,* Attorney General and *Charles Simon,* Assistant Attorney General, for respondents.

CHRISTIANSON, J.   The sole question presented on this appeal is whether the complaint states facts sufficient to constitute a cause of action.   In his brief plaintiff says:

"This action was brought by W. L. Lockwood, proprietor of the Lockwood Automobile Tourist Camp at Valley City, to test the validity or applicability to his tourist camp of certain provisions of Chapter 144 of the Laws of 1929 entitled: 'An Act providing for the inspection of hotels, lodging houses, boarding houses, and restaurants; prescribing sanitary requirements therefor; providing for licensing, payment and disposition of license fees; providing for the revocation of licenses; defining the duties of the state food commission and chemist with regard to the act; providing for penalties for violation thereof and repealing existing laws relating thereto.' "

Baird, the state food commissioner and Shipley, an inspector of hotels appointed by him, are named as defendants in the action.   These defendants demurred to the complaint on the ground that it "does not state facts sufficient to constitute a cause of action."   The demurrer was sustained.   Subsequently judgment of dismissal was entered and the plaintiff has appealed.

In his complaint the plaintiff alleges that he owns and operates a tourist camp in Valley City in this state, consisting of four small cabins and one larger cabin; that such cabins are furnished with bedframes, bed springs, straw mattresses, etc.   That the plaintiff charges tourists for the accommodations furnished the sum of $1,25 per day for two or more persons for the use of the smaller cabins and $2.00 or more per day for the use of the larger cabin,— which charges include

the use of the community kitchen of the camp for the preparation and serving of meals, etc. That in September, 1929, the defendant Shipley, hotel inspector, appeared at said camp and claimed that the same was a hotel within the meaning of chapter 144, Laws 1929, and claimed the right to inspect, and did inspect, the said camp and claimed, and received, from the plaintiff an inspection fee for inspecting each of the said cabins. That at said time said Shipley gave notice to the plaintiff that inasmuch as he (plaintiff) was charging more than fifty cents per night for each person for lodging in the camp that the mattresses furnished by him failed to comply with the provisions of § 6 of said chapter 144, and that he would be required to replace the same with mattresses complying with the requirements of said statute. That thereafter the plaintiff received through the mail a notice from Baird, state food commissioner, calling his attention to the provisions of § 6, chapter 144, Laws 1929 and stating that the beds in the cabins operated by the plaintiff were not in compliance therewith and requiring plaintiff to discontinue the use of straw mattresses and to furnish upon the beds of said cabins mattresses complying with the provisions of said statute; and "that if he failed to do so he would not be allowed to continue the operation of said tourist camp." It is further alleged that to furnish the mattresses so required would involve the expenditure of a large sum of money without any prospect of sufficient return and would result in depriving the plaintiff of his property without due process of the law. It is further alleged that chapter 144, Laws 1929 has no application to an automobile tourist camp such as that operated by the plaintiff and that in any event § 6 of said act, relating to mattresses to be furnished in rooms where a price exceeding fifty cents per person is charged per night, is not a proper exercise of the police power of the state but is an arbitrary and unlawful interference with plaintiff's property rights and tends to deprive him of his property and business without compensation and without due process of law, in violation of the guarantees of the 14th Amendment to the Constitution of the United States and § 13 of the constitution of North Dakota; that the plaintiff, through his attorney, has notified the defendants that such requirements are void and unenforceable as against him. It is further alleged: "that the said defendants nevertheless and notwithstanding the plaintiff's said claims still continue to threaten to enforce the

provisions of Section 6 of said Act as to the matter of the kind and weight of the mattresses to be used in the operation of plaintiff's said tourist camp and still threaten that if plaintiff fails to comply with their said requirements as to the matter of mattresses, to prevent the plaintiff from continuing the operation of his said camp and will do so unless they are enjoined and restrained from so doing by a court of competent jurisdiction and will thereby do plaintiff irreparable harm, injury and damage to his said business and property." Plaintiff demands the judgment of this court that "the said defendants and each of them and each of their deputies, servants, agents and employees, be forever restrained and enjoined from attempting farther to enforce the said provision of § 6, of chapter 144, of the Laws of 1929 with reference to the material and weight of the mattresses used in the plaintiff's said tourist cabins or to interfere in any way with plaintiff's use of the straw mattresses now in use in said tourist cabins as herein described, and for such other and farther relief as to the court may seem just and equitable."

The hotel inspection act (Laws 1929, chap. 144) provides for the inspection of hotels, lodging houses, restaurants and boarding houses by the state food commissioner and by inspectors appointed by him. The act further provides that an inspector, who "shall find after examination of any hotel or lodging house that the law has been fully complied with shall issue a certificate to that effect to the person operating the same," and that such certificate shall be kept posted in a conspicuous place in the inspected building. Section 6 of the Act contains the following provision:

"In all hotels or lodging houses where fifty cents or more per night is charged for lodging the sheets and pillow cases shall be changed after the departure of each guest and it shall be unlawful to have upon a bed of any such hotel or lodging house any mattress of a lower grade than that commonly known to the trade as cotton felt combination; each mattress shall weigh at least thirty-five pounds unless it be a hair mattress; in which case it shall weigh thirty pounds or more."

This is the provision that gave rise to the controversy here. It is the contention of the plaintiff that the hotel inspection act is not applicable to an automobile tourist camp; that this is especially true of the above quoted provision, but, that if such provision is applicable, it

is unconstitutional and void. In our opinion a determination of the case does not require or permit consideration of the questions thus raised. "The mere fact that a law is alleged to be unconstitutional does not confer jurisdiction on courts to interfere with the acts of executive officers while proceeding in pursuance of its requirements." 14 R. C. L. p. 435. The judicial power vested in the courts extends only to the determination of actual controversies properly before the courts and does not authorize a court to act in an advisory capacity and to give its opinion on mooted questions or abstract propositions. 14 R. C. L. p. 435. To entitle a plaintiff to relief against real or imaginary injuries from unauthorized acts of public officers he "must bring his case under some acknowledged head of equity jurisdiction and show what special injury he will sustain thereby distinct from that suffered by others." Lewis & S. Inj. p. 464. And where it is apparent that the remedy at law is adequate, relief by injunction will be refused. 14 R. C. L. pp. 435, 436.

"The mere fact that a statute is unconstitutional is not alone a sufficient ground for enjoining its enforcement; to this there must be added some wrong or injury respecting the person or property not amply remediable by any proceeding at law. The injunction should not be granted except when necessary to prevent great and irreparable injury. It should be denied where no property rights are involved; where, if property rights are involved, there is no showing that they will be injured by the enforcement of the statute; or where the remedy at law is adequate." 32 C. J. 244.

Now just what are the acts that the defendants are about to perform and which plaintiff desires to have enjoined? He says that they claim that the above quoted provision of section 6 of the act is applicable to his tourist camp; that they demand that he comply therewith, and say that if he fails to do so they "will not permit him to operate the camp." There is no allegation as to what particular action they will take to compel him to refrain from operating the camp. There is no claim that they threaten to commit any act except such as is prescribed by said chapter 144. In short, the complaint is apparently drawn on the theory that the defendants, unless enjoined, will proceed in accordance with that act, and in accord with their claim that the plaintiff is violating the law by failing to comply with § 6 of the act. The hotel in-

spection act does not purport to give the state food commissioner, or an inspector appointed by him, any right to close up any building that is being operated as an hotel without compliance with the act. Nor does it purport to give such officers any summary power whatsoever to interfere with any hotel or lodging house business that may be operated in contravention of law. The act provides that:

"Any person, firm or corporation, who shall operate an hotel, restaurant, lodging house or boarding house in this state, . . . without first having complied with the provisions of this act, shall be guilty of a misdemeanor. . . .

"The state's attorney of each county in this state is hereby authorized and required upon complaint on oath of the hotel inspector or his duly authorized deputy to prosecute to termination before any court of competent jurisdiction in the name of the State of North Dakota, a proper action or proceeding against any person or persons violating the provisions of this act."

"Whenever the owner, manager or person in charge of any hotel, restaurant, lodging house or boarding house shall have been convicted as provided in the preceding section and shall for a period of ten days after such conviction fail to comply with the provisions of this act, the license granted to such person to conduct such business may be cancelled by the Hotel Inspector." Laws 1929, chap. 144, §§ 15, 16.

The reasonable inference therefore is, that what the food commissioner and hotel inspector will do, if plaintiff fails to comply with their demand, is to make complaint against him and that thereupon he will be prosecuted in a court of competent jurisdiction where he will have a full opportunity to present any defense he may have and that the license which has already been granted to him will be cancelled only ten days after his conviction and then only upon his failure to comply with the demand. It seems clear that the complaint fails to state facts sufficient to constitute a cause of action for an injunction. Comp. Laws 1913, § 7529. It is elementary that an injunction will never be granted merely to enjoin a criminal prosecution.

It is true there are certain cases where criminal prosecution may be enjoined incidental to the proper exercise of equitable jurisdiction to protect property rights from threatened irreparable injuries (32)

C. J. 282, 283); but the complaint in this case is devoid of any basis for enjoining criminal prosecution on this theory. In this case the point has not even been reached where a criminal prosecution has been instituted. There is not even a direct averment that such prosecution is about to be instituted. There is no claim that injunction should issue to prevent a multiplicity of suits. So far as the complaint shows there is no other controversy of a similar nature pending in the State of North Dakota. The suit is in effect a proceeding in equity to obtain a construction of a statute and a determination whether certain acts will or will not constitute a criminal offense in advance of a criminal prosecution. We are aware of no rule permitting the remedy by injunction to be used for such purposes.

Corpus Juris (32 C. J. pp. 279–281) says:

"The general rule is that an injunction will not be granted to stay criminal or quasi criminal proceedings, whether the prosecution is for the violation of the common law or the infraction of statutes or municipal ordinances. . . . If the statute on which the prosecution is based is valid, the fact that the enforcement thereof would materially injure complainant's business or property constitutes no ground for equitable interference. It is only where the statute or ordinance is unconstitutional or otherwise invalid and where in the attempt to enforce it there is a direct invasion of property rights resulting in irreparable injury that an injunction will issue to restrain the enforcement thereof. Both of these elements are indispensable, and the latter element is not present where it appears that the injury or loss to plaintiff's business or rights of property would be only such as would incidentally flow from the arrest and prosecution thereunder. Courts will not interfere by injunction where the injury inflicted or threatened is merely the vexation of arrest and punishment of complainant who is left free to litigate the questions of unconstitutionality of the statute or ordinance or its construction or application in making his defense at the trial or prosecution for its violation." 32 C. J. pp. 279, 280.

"This general rule is based upon the principle that equity is concerned only with the protection of civil and property rights, and is intended to supplement and not usurp, the functions of the courts of law, that to sustain a bill in equity to restrain or relieve against proceedings for the punishment of offenses would constitute an invasion of the

courts of common law, and on the fact that the party has an adequate remedy at law by establishing as a defense to the prosecution that he did not commit the act charged, or that the statute or ordinance on which the prosecution is based is invalid, and, in case of conviction, by taking an appeal." 32 C. J. pp. 280, 281.

"The rule applies whether the prosecution is by indictment or by summary process, and to prosecutions which are merely threatened or anticipated as well as to those which have already been commenced. It also applies, although the ordinance or statute on which the prosecution is based is void, although the party seeking the injunction is not guilty of a violation of the ordinance or statute; although the complaint states no cause of action; . . .

"It is not a ground for injunctive relief that the prosecuting officer has erroneously construed the statute on which it was based so as to include the act or acts which it is the purpose of the prosecution to punish."

"The mere fact that one is in business and may be injured in respect to his business by prosecution for an alleged crime is not sufficient reason for asking a court of equity to ascertain in advance whether the business as conducted is in violation of a penal statute, and to enjoin a prosecution thereunder."

"It is not within the power of the parties to waive the question relating to the jurisdiction of the court, and to compel it to try the cause." 32 C. J. 281.

The trial court was correct in holding that the complaint failed to state facts sufficient to constitute a cause of action. The order appealed from is affirmed.

BURKE, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.