[File No. 7025]

FRANK C. WILLIAMS, Appellant, v. STATE BOARD OF BARBER EXAMINERS OF NORTH DAKOTA, George E. Hanson, President, S. A. Kleven, Vice-President, and L. W. Woehrmann, Secretary-Treasurer, Respondents.

(25 NW2d 282)

Opinion filed December 12, 1946

*A. F. Greffenius* and *D. S. Ritchie,* for appellant.
*Sullivans, Fleck & Higgins,* for respondents.

CHRISTIANSON, Ch. J.   Plaintiff brought this action to enjoin the defendants, as members of the State Board of Barber Examiners, from putting into operation and enforcing a certain order entered by said Board pursuant to the provisions of Chapter 93, Laws 1943 fixing minimum price schedules for barber services in Barnes County.   The action is predicated upon the proposition that said Chapter 93, Laws 1943 is unconstitutional; that it infringes upon and violates rights guaranteed to the plaintiff by the constitution of the state and by the Constitution of the United States.   It is contended that said Chapter 93 contravenes the state constitution in that it delegates unwarranted legislative power to the Board of Barber Examiners, and that it does not have a uniform operation throughout the state; that it abridges the liberty of contract and the right to obtain and pursue lawful employment guaranteed by the provisions of the state constitution and by the Fourteenth Amendment to the Constitution of the United States.   The defendants demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.   The demurrer was sustained and judgment was entered for a dismissal of the action.   Plaintiff has appealed from the judgment.

In the complaint the plaintiff alleges that he is a citizen of the United States and a resident of Valley City in Barnes County in this state and has been such resident for more than one year last past; that the plaintiff is a duly qualified barber, and duly licensed to practice his trade as such in the State of North Dakota by virtue of a licensed issued to him by the State Board of Barber Examiners of this state; that the plaintiff now is and for many years last past has been working as a barber in the said City of Valley City and that he has a large and established clientele; that for more than one year last past he has operated and maintained a barber shop in said city wherein he has the necessary equipment and facilities to carry on such business; that said business has provided and does provide the plaintiff with a good and sufficient income to maintain himself and his family; that said business has been established and the trade secured on the

basis of a certain schedule of prices fair to the plaintiff and to his customers, which said schedule of prices has become established for his shop and is posted therein, and which said schedule of rates is set forth in the complaint.

It is further alleged that the defendants constitute the duly appointed, qualified and acting State Board of Barber Examiners for the State of North Dakota; that on or about October 4, 1943, the said State Board of Barber Examiners issued an order fixing a price schedule for barber services in Barnes County, and that the said schedule of minimum prices so fixed in said order "is in certain instances in excess of prices charged by this plaintiff in the conduct of his business and that if said order be enforced will require this plaintiff to raise his prices for work done and thus destroy his clientele and result in the loss of the business established by him."

It is further alleged that such order of the State Board of Barber Examiners is void for the reason that said order contravenes the constitution of the State of North Dakota "in that its provisions are not applicable generally throughout the entire State of North Dakota, but that the same apply solely to the County of Barnes"; that the said "order is void in that the same seeks to abridge the right of contract on the part of the plaintiff herein," and that it denies to the plaintiff "the right of freedom in the matter of obtaining employment," and further, "that the said order is invalid and void for the reason that the same is an assumption of authority delegated by the legislature to the State Board of Barber Examiners unlawfully and in violation of the Constitution of the State of North Dakota"; and that the order is void for the reason that it infringes upon and violates rights guaranteed to the plaintiff by the Fourteenth Amendment to the Constitution of the United States.

It is further alleged that the defendants, as members of the said State Board of Barber Examiners, "have given out, and threatened that they will enforce the said order, and will file complaints, and institute actions against the plaintiff, for the purpose of enforcing the said order, and for the further purpose, of recovering the fines and penalties provided for under the pro-

36

visions of Chapter 93 of the Session Laws of 1943 of the State of North Dakota, and will continue from time to time to file such complaints and institute such suits and thereby create and carry on a multiplicity of suits against the plaintiff and compel the plaintiff to pay out a large amount of money in fines and penalties, and will cause the frequent arrests of the plaintiff; and that the plaintiff fears that unless restrained by the judgment of this Court the said defendants will carry out its said purpose and the business of the plaintiff will be utterly destroyed in said City, and irreparable injury will result to the plaintiff, and the plaintiff will be subject to a multiplicity of suits as aforesaid."

Plaintiff further alleges that the said defendants "are about to enforce the said order in the County of Barnes and State of North Dakota and to compel this plaintiff forthwith to adopt said schedule of minimum prices in violation of the plaintiff's rights respecting the subject of this action."

The plaintiff prays judgment that the said order fixing price schedules of barber services for Barnes County be declared null and void and that the defendants "be enjoined and restrained from enforcing or attempting to enforce the said order."

In our opinion the facts set forth in the complaint do not constitute a cause of action against the defendants and do not require or permit a decision of the constitutional questions raised by the plaintiff. "The general rule, sometimes by virtue of statutory provisions, is that an injunction will not be granted to stay criminal or quasi-criminal proceedings, whether the prosecution is for the violation of the common law or the infraction of statutes or municipal ordinances, or to stay the enforcement of orders of a board or commission. This general rule is based, in addition to other considerations, on the principle that equity is concerned only with the protection of civil and property rights, and is intended to supplement, and not usurp, the functions of the courts of law, and on the fact that the party has an adequate remedy at law by establishing as a defense to the prosecution that he did not commit the act charged, or that the statute or ordinance on which the prosecution is based is invalid, and, in case of conviction, by taking an appeal."

"The rule applies whether the prosecution is by indictment or by summary process, and applies to prosecutions which are merely threatened or anticipated as well as to those which have already been commenced, and also to grand jury investigations. In the absence of other circumstances justifying interference by a court of equity, the rule also applies, even though the ordinance or statute on which the prosecution is based is void." 43 CJS pp 768–770; 28 Am Jur 216–217, 369, 413–415, Injunctions; 1 High, Injunctions, 4th ed pp 85–87; Lockwood v. Baird, 59 ND 713, 231 NW 851; Spielman Motor Sales Co. v. Dodge, 295 US 89, 79 L ed 1322, 55 S Ct 678; Watson v. Buck, 313 US 387, 85 L ed 1416, 61 S Ct 962, 136 ALR 1426; Douglas v. Jeannette, 319 US 157, 87 L ed 1324, 63 S Ct 877, 882.

In Spielman Motor Sales Co. v. Dodge, 295 US 89, 79 L ed 1322, 55 S Ct 678, supra, suit was brought by a retail dealer in automobiles to restrain the district attorney of New York County from bringing a criminal prosecution under a law of the State of New York for alleged violation of the "Code of Fair Competition for the Motor Vehicle Retailing Trade." The New York statute made it a misdemeanor to violate any provision of the Code of Fair Competition as approved by the President of the United States under Title I of the National Industrial Recovery Act. The statute was challenged as repugnant to the constitution of this state and to the Fourteenth Amendment to the Constitution of the United States. The Supreme Court of the United States held that the complaint failed to state a cause of action for injunction, and did not consider or determine the constitutional questions sought to be raised. In the opinion in the case the court said:—

"The general rule is that equity will not interfere to prevent the enforcement of a criminal statute even though unconstitutional. . . . To justify such interference there must be exceptional circumstances and a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights. . . . We have said that it must appear that 'the danger of irreparable loss is both great and immediate;' otherwise, the accused should first set up his defense in the state

court, even though the validity of a statute is challenged. There is ample opportunity for ultimate review by this Court of federal questions.

Appellant's bill of complaint failed to meet this test. Appellant alleged that the District Attorney had applied to a magistrate of the city of New York for the issue of a summons directing the appearance of the appellant, to the end that an investigation should be made of a complaint against him for violation of the provisions of the 'Motor Vehicle Retailing Code,' and that an information charging violation should be drawn. He alleged that the District Attorney intended, unless restrained, to institute criminal proceedings. The state statute made any violation of the provisions of the code a misdemeanor punishable by a fine not exceeding $500 for each offense. The bill contained general allegations of irreparable damage and deprivation of 'rights, liberties, properties, and immunities' without due process of law, if the statute were enforced. But the bill failed to state facts sufficient to warrant such conclusions, which alone were not enough. The bill alleged that appellant had a large business in buying and selling motor vehicles, but the statute did not prohibit the continuance of that business and the bill gave no facts to show that the particular requirements of the code, which were in question, would create such a serious interference as to require equitable relief. Aside from the statement of general and unsupported conclusions, the case presented by the bill was the ordinary one of a criminal prosecution which would afford appropriate opportunity for the assertion of appellant's rights." 295 US pp 95–97, 79 L ed, pp 1325, 1326.

The plaintiffs in Douglas v. Jeannette, 319 US 157, 87 L ed 1324, 63 S Ct 877, 882, supra, were members of the sect known as Jehovah's Witnesses. The action was brought by such plaintiffs "for themselves and for all Jehovah's Witnesses throughout the entire Commonwealth of Pennsylvania and adjoining states to enjoin the defendants City of Jeannette and its mayor from enforcing against them and other members of the Jehovah's Witnesses a certain ordinance of that city." Douglas v. Jeannette (CCA3d Pa) 130 F2d 652. Such ordinance prohibited the solic-

itation of orders for merchandise without first procuring a license from the city authorities and paying a license tax and provided that any person convicted of violating the ordinance should forfeit and pay a fine not exceeding $100.00 nor less than the amount required for the license for such person or persons, together with costs of suit, and in default of such payment that the defendant or defendants might be sentenced and committed to the Borough Lockup for a period not exceeding five days or to the County Jail for a period not exceeding thirty days. 130 F2d p 654. In a companion case wherein certain other Jehovah's Witnesses had been convicted and sentenced for violation of the same ordinance (Com. v. Murdock, 149 Pa Super 175, 27 A2d 666) the Supreme Court of the United States held the ordinance to be unconstitutional as violative of the First and the Fourteenth Amendments to the Constitution of the United States. Murdock v. Pennsylvania, 319 US.105, 87 L ed 1292, 63 S Ct 870, 882, 891, 146 ALR 81.

The complaint in the Jeannette Case alleged that in April 1939 the defendants in that action arrested and prosecuted the plaintiffs "and other Jehovah's Witnesses for violation of the ordinance because of their described activities in distributing religious literature, without the permits required by the ordinance," and that the defendants "threatened to continue to enforce the ordinance by arrests and prosecutions—all in violation of" plaintiffs' civil rights. 319 US 160, 87 L ed 1327, 63 S Ct 877, 882. The Supreme Court of the United States held that the facts set forth did not warrant the injunctive relief sought and sustained a decision of the Circuit Court of Appeals directing that the bill be dismissed. In the decision in the case the court said:—

"It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal

case as in a suit for an injunction." 319 US, p 163, 87 L ed, p 1329, 63 S Ct 877, 882.

Section 7, Chapter 93, Laws 1943 provides that a violation of any of the provisions of the act or of any rule, subpoena, or order of the board lawfully made pursuant thereto, except as otherwise expressly provided by the act, shall be a misdemeanor punishable by a fine or by imprisonment in jail or both. It also provides that "the board may institute such actions in the courts of competent jurisdiction as may appear necessary to enforce compliance with any provision of this act, or to enforce compliance with any rule, subpoena, or order of the board made pursuant to the provisions of this act, and in addition to any other remedy may apply to any District Court of competent jurisdiction for relief by injunction."

According to the allegations of the complaint, what the defendants threaten to do is to bring action, civil or criminal or both, to enforce the order, and that they will bring such actions unless enjoined from so doing. If the defendants proceed to do what plaintiff alleges they threaten to do he will be "left free to litigate the questions of constitutionality of the statute" or its construction and application and the validity of the order in making his defense in any civil or criminal action which may be so brought. Lockwood v. Baird, 59 ND 713, 721, 231 NW 851, 854. In any such action he may assail the validity of the order and of the statute under which it was made, and the lawfulness or validity of the order and the constitutionality of the statute on which any such civil or criminal action is based may be determined as readily in any such action as in an action for an injunction. 319 US, p 163, 87 L ed, p 1329, 63 S Ct 877, 882.

The judgment appealed from is affirmed.

BURR, NUESSLE, BURKE and MORRIS, JJ., concur.