C. D. GINAKES, for himself and for all other persons similarly situated, Appellant, v. NELS G. JOHNSON, individually and as Attorney General of the State of North Dakota, and Ralph F. Croal, individually and as State's Attorney of Cass County, North Dakota, Respondents.

(26. NW2d 368)

Opinion filed March 5, 1947

*Francis Murphy* and *Lyle E. Huseby,* for appellant.

*Nels G. Johnson,* Attorney General, *P. O. Sathre,* Assistant Attorney General, and *Ralph F. Croal,* State's Attorney, for respondents.

*Strutz & Jansonius,* Amicus Curiae.

NUESSLE, J. This action was brought on the 27th day of November, 1946, to enjoin the enforcement of an initiated measure adopted by the people of the state of North Dakota at the general election held on November 5, 1946, on the ground that the measure is unconstitutional and void. In addition to praying for injunctional relief the plaintiff asked for a declaratory judgment that the measure is unconstitutional and, in the alternative, if the measure be held to be valid for a declaratory judgment construing it.

The initiated measure in question is entitled "An act prohibiting the sale, gift, or consumption of alcoholic beverages in any establishment within the state of North Dakota where there is sold any commodity other than tobacco, tobacco products, and soft drinks; defining alcoholic beverages; making it unlawful to maintain connecting archways or doorways between establishments where alcoholic beverages are sold and other places of business; and repealing conflicting acts."

Section 1 thereof provides that "Sixty days after the passage of this measure it shall be unlawful to sell, offer for sale, give away, barter, or consume alcoholic beverages in any place where is sold or offered for sale any commodity other than tobacco, tobacco products, and soft drinks." Section 2 defines alcoholic beverages. Section 3 provides "It shall further be unlawful to maintain or allow any connecting archways or doorways connecting any establishment where alcoholic beverages are sold with any other place of business where there is sold or offered for sale any commodity other than tobacco, tobacco products, and soft drinks." Section 4 provides that any violation of the measure is a misdemeanor and punishable as such. Section 5 provides that "All acts or parts of acts in conflict with the provisions of this act are hereby repealed."

The plaintiff in his complaint alleges among other things, that the defendants are, respectively, the attorney general of the State of North Dakota and the state's attorney of Cass County, and as such officers they are in duty bound to enforce the provisions of the initiated measure heretofore set out; that the plaintiff is a citizen, elector, resident and taxpayer of the county of Cass, state of North Dakota; that he is a dealer in alcoholic beverages, licensed pursuant to the provisions of the Liquor Control Act, chapter 259, Session Laws 1937, and acts amendatory thereof; that in connection with his business as such a dealer and in the same building therewith, he operates a licensed restaurant where food is sold and served to the public and where tobacco and soft drinks also are sold; that he has invested large sums of money in such businesses and employs a large number of persons in carrying them on; that there are in the state of North Dakota a large number of business enterprises of the same character that are and will be affected in the same manner by the enactment of the initiated measure and the enforcement thereof.

Plaintiff further alleges that although the initiated measure does not become effective until the fifth day of January, 1947, it constitutes a threat and menace to the present conduct and future continuance of his business; that it does and will cause

great and irreparable damage and injury to him in his property rights and seriously impair the value of such property and rights, in that, "The enactment and existence of said initiated measure and the existence of the threat by the defendants to enforce the provisions thereof already threatens to deprive and will deprive this plaintiff and all other persons, firms and corporations similarly situated of the income and patronage which he lawfully enjoys by reason of the license of his restaurant and place of business as aforesaid.

"That in order for plaintiff and other persons, firms and corporations similarly situated to operate their said businesses it is necessary for them to buy and contract to buy equipment and supplies for future use, and to negotiate and contract for the future services of employees and to provide for necessary repairs and additions to their respective buildings, and in a general way to plan and arrange for the continuance of their business and arrange for the operation, and to provide for the obtaining of electric power and of the heating and lighting of said premises; that in order to enable said plaintiff and other persons, firms and corporations similarly situated to operate their said businesses and to keep them in repair, or to alter them or some of them as need arises it is often necessary for said plaintiff, firms and corporations to borrow money from time to time to expend for said purposes. Because of the enactment of said initiated measure and the certainty that the defendants or some of them or their respective successors in office will be called upon to enforce the provisions thereof against said plaintiff and such other persons, firms and corporations, if and when said initiated measure becomes effective it has been and it is impossible for this plaintiff and such other persons, firms and corporations to plan and arrange for the continuance of their said businesses and to plan and arrange for the maintenance and operation of the same, and to buy and contract, and to buy supplies for future use, and to negotiate and contract for the future services of employees, and to provide for necessary repairs, additions and alterations to the buildings occupied by them, and because of the fact that the publicity given to the

enactment and existence of said initiated measure will inevitably cause a loss of patronage and a consequent loss of income to them and the businesses of all other persons, firms and corporations similarly situated, and that the said plaintiff and other persons, firms and corporations similarly situated, will be unable to borrow money with which to make necessary repairs and alterations, or to provide properly for the maintenance and operation of their said businesses between the date hereof and the effective date of said initiated measure, the business, property and rights of said plaintiff and all other persons, firms and corporations similarly situated are already greatly and irreparably damaged, and the continuance of the operation by this plaintiff and such other firms and corporations of their said respective businesses is already greatly imperiled and seriously threatened, and will be increasingly imperiled as the effective date of said initiated measure approaches."

He further alleges that because of the matters and things above set forth the initiated measure is unconstitutional and void for the reason that it violates various provisions of the Constitution of the United States and of the Constitution of the State of North Dakota. He further sets out the particular provisions that will be thus violated and prays for relief as heretofore stated.

To this complaint the defendants demurred on the ground that it failed to state facts sufficient to constitute a cause of action. The trial court sustained this demurrer. Whereupon the plaintiff perfected the instant appeal from the order sustaining the same.

The demurrer admits all facts that are well pleaded in the complaint and all intendments and inferences that may fairly and reasonably be drawn therefrom. Gilbertson v. Volden, 71 ND 192, 299 NW 250; Mutual L. Ins. Co. v. State, 71 ND 78, 298 NW 773, 138 ALR 1115; McCurdy v. Hughes, 61 ND 235, 237 NW 748, and cases cited therein; 41 Am Jur 460, Pleading.

It is conceded that the initiated measure is a penal statute. Plaintiff in his own behalf and on behalf of those similarly situated, seeks to enjoin its enforcement. "The general rule is that criminal or quasi criminal actions or proceedings will not be

enjoined even though the statute on which the action or prosecution is based is unconstitutional. To justify such interference there must be exceptional circumstances and a clear showing that an injunction is necessary in order to afford adequate protection of constitutional rights." Williams v. State Barber Examiners, ante, 33, 25 NW2d 282, and cases cited. "If the statute on which the prosecution is based is valid, the fact that the enforcement thereof would materially injure complainant's business or property constitutes no ground for equitable interference. It is only where the statute . . . is unconstitutional or otherwise invalid and where in the attempt to enforce it there is a direct invasion of property rights resulting in irreparable injury, that an injunction will issue to restrain the enforcement thereof. . . . 'The mere fact that one is in business and may be injured in respect to his business by prosecution for an alleged crime is not sufficient reason for asking a court of equity to ascertain in advance where the business as conducted is in violation of a penal statute, and to enjoin a prosecution thereunder.'" Lockwood v. Baird, 59 ND 713, 231 NW 851, 854, and authorities cited.

This action was begun on the 27th day of November, 1946. The initiated measure was not then in effect and would not come into effect until on or about January 5, 1947. The order sustaining the demurrer was entered on December 18, 1946. In considering and passing upon the question raised on this appeal we must view the record as of the time that the trial court did. Unless the plaintiff in his complaint set forth facts which clearly showed he would be irreparably injured in his personal or property rights prior to the time the initiated measure went into effect, he was not entitled to the injunctive relief for which he prayed.

We have quoted the allegations of the complaint on which he relies to show how and why he will suffer such injury. It is true he alleges that the fact the initiated measure has been adopted and will become effective constitutes such a threat that his property and property rights will be injured before it is effective as well as thereafter; that because of this threat his business is suffering and will suffer; that his patronage is and will be lessened

and he will be unable to properly provide for the future continuance of his business; that he therefore is entitled to challenge the constitutionality of the measure and have the challenge considered and determined prior to the measure's effective date. But, as we read them, his allegations of fact are too indefinite and nebulous to warrant the inferences and conclusions he draws from them. Though a demurrer admits all relevant facts well pleaded and all intendments and inferences that may be fairly and reasonably drawn therefrom, it does not admit the inferences of fact or conclusions of law alleged unless the facts necessary to warrant such inferences and conclusions are set forth. Nor does it admit those allegations which are contrary to the facts of which judicial notice will be taken. 41 Am Jur 461, Pleading, § 242 et seq. We therefore are of the opinion that tested by the rules approved and followed in the cases of Williams v. State Barber Examiners, ante, 33, 25 NW2d 282, and Lockwood v. Baird, 59 ND 713, 231 NW 851, both supra, the complaint fails in this particular respect to state facts sufficient to constitute a cause of action for injunctive relief. But even though it be conceded that the allegations of the complaint are sufficient to show that the adoption of the initiated measure constituted a threat resulting in the claimed injury to the plaintiff and such injury was existent at the time the action was brought and at the time the order sustaining the demurrer was entered and would be continuing thereafter, nevertheless, the plaintiff was not at that time entitled to injunctive relief. The measure did not and could not become effective until Sunday, January 5, 1947. An injunctional order directed to the defendants the attorney general and the state's attorney of Cass County would, in the meantime, have had to lie dormant until, and could have effect only, when the measure did become effective. Thus the action was premature. This appeared upon the face of the pleading and, therefore, was reached by demurrer. Furthermore, the action was not brought nor was the injunctive relief sought against the State of North Dakota. Nor could it be. It was brought against the defendants, the attorney general of the state and the state's attorney of Cass County individually and as officers of the state. Any judgment

against them would not bind the State of North Dakota. See Ex parte Young, 209 US 123, 52 L ed 714, 28 S Ct 441, 13 LRA NS 932, 14 Ann Cas 764. The terms of office of these defendants were due to expire on January 6th. It is true they had been re-elected, but nevertheless as to whether they would qualify and take office upon the expiration of the terms they were then serving was something wholly in the future. The complaint alleges that as such officers they or their successors in office were in duty bound to and therefore would take steps to enforce the provisions of the measure. Would any judgment for injunctive relief as against the defendants be binding on their successors in office should there be such? Surely not. Suppose that neither of these defendants had been re-elected, would it have been possible for the plaintiff to enjoin the individuals who were elected to succeed them prior to their taking office on Monday, January 6th, or on such day thereafter as they might qualify? It is obvious that such an action would not lie.

Plaintiff prays for a declaratory judgment pursuant to the provisions of Chapter 32–23, ND Rev Code 1943. This statute provides that courts of record in this state "shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed;" and that "no action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for." It applies to persons "whose rights, status, or other legal relations are affected by a statute," so that they "may have determined any question of construction or validity arising under the . . . statute . . . and may obtain a declaration of rights, status, or other legal relations thereunder." The declaratory judgment statute "is intended to provide a method whereby parties to a justiciable controversy may have such controversy determined by a court in advance of any invasion of rights, or breach of obligation. Nashville, C. & St. L. R. Co. v. Wallace, 288 US 249, 77 L ed 730, 53 S Ct 345, 87 ALR 1191; Currin v. Wallace, 306 US 1, 83 L ed 441, 59 S Ct 379; Kariher's Petition, 284 Pa 455, 131 A 265; Borchard, Declaratory Judgments 2d ed pp 280 et seq.; Thompson v. Chilton County, 236 Ala 142, 181 So 701; Green v. Inter-

Ocean Casualty Co. 203 NC 767, 167 SE 38; Sigal v. Wise, 114 Conn 297, 158 A 891, 893; Miller v. Currie, 208 Wis 199, 242 NW 570, 572. 'It is intended to relieve litigants of the rule that no rights may be judicially adjudged until a right has been violated (American Nat. Bank & T. Co. v. Kushner, 162 Va 378, 174 SE 777) and to authorize judicial action in actual controversies where such actions formerly were not available. Holly Sugar Corp. v. Fritzler, 42 Wyo 446, 296 P 206. But an action or proceeding for a declaratory judgment must involve an actual controversy of a justiciable character, between parties having adverse interests. No action or proceeding lies under the Declaratory Judgments Act to obtain a decision which is merely advisory, or which merely determines abstract questions.' Langer v. State, 69 ND 129, 141, 284 NW 238, 245." Asbury Hospital v. Cass County, 72 ND 359, 7 NW2d 438.

As we have heretofore stated at the time the instant action was begun and when the order sustaining the demurrer from which the plaintiff's appeal is taken was entered, the initiated measure was not yet in effect. Its enforcement was a matter wholly in the future. The question of its constitutionality could not arise for determination until it became effective. There was then no actual controversy and no justiciable issue and therefore no room for a declaratory judgment. Such judgment would be no more than an advisory opinion and it is not the function of the courts to render advisory opinions. Asbury Hospital v. Cass County, 72 ND 359, 7 NW2d 438, and Langer v. State, 69 ND 129, 284 NW 238; Lockwood v. Baird, 59 ND 713, 231 NW 851, both supra.

The order of the district court sustaining the demurrer is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, MORRIS and BURR, JJ., concur.