**PARK DISTRICT CITY OF FARGO,**
Plaintiff and Appellant,

v.

**CITY OF FARGO, a municipal corporation, and Oak Grove Lutheran High School, a corporation, Defendants and Respondents.**

No. 8021.

Supreme Court of North Dakota.

Aug. 3, 1964.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for appellant.

Conmy, Conmy & Feste, Fargo, for respondent, City of Fargo.

Nilles, Oehlert & Nilles, Fargo, for respondent, Oak Grove Lutheran High School.

BURKE, Judge.

In the fall of 1959, the defendant, Oak Grove Lutheran High School, petitioned the City of Fargo to close a portion of North Terrace, a public street. The portion of the street to which the petition related, was that portion which crossed and divided the grounds upon which the school operated by this defendant was located. The City of Fargo published notice of hearing upon the petition setting the date thereof on December 29, 1959. This hearing was first adjourned to January 13, 1960, and upon that date it was adjourned to January 15, 1960. After the hearing was had, the Board of City Commissioners of the City of Fargo resolved to grant the petition upon the condition that the Oak Grove Lutheran High School dedicate to the City of Fargo for street purposes the land necessary to provide an alternate street. This resolution was not published in accordance with the provisions of Section 40–39–08 NDCC (Sec. 40–3908 NDRC 1943) and therefore did not go into effect.

Plaintiff thereafter brought this action. In its complaint it alleged that the proceedings were void for the following reasons:

1. That the petition to vacate was not signed by all the adjoining landowners as required by statute.

2. That the notice of hearing upon the petition failed to describe the property to be vacated.

3. That the hearing was held at a time and date not mentioned in notice.

4. That the resolution was never published.

5. That the purpose of the vacation was to benefit purely private interests.

6. That the defendant school cannot comply with the conditions required by the Board of City Commissioners in approving the petition.

7. That the vacation of this street will deprive plaintiff of constitutional rights.

Plaintiff also alleged that the vacation of North Terrace will eliminate one of the two access streets to Oak Grove Park, seriously curtail the use of park property and place a burden upon the other access street which would be injurious to the health and well being of the general public. Plaintiff also alleged that both defendants are treating the resolution vacating the street as being in full force and effect, the defendant city, by taking, or threatening to take, steps to create a special assessment district to defray the costs of land acquisition and construction of an alternate street and the high school corporation by threatening to barricade and close North Terrace.

Upon these allegations plaintiff prayed for judgment declaring that the proceedings to vacate North Terrace are null and void and for an injunction, enjoining the defendants from attempting to enforce such resolution or in attempting to close such street.

Each of the defendants filed a written motion to dismiss this complaint upon the ground that it fails to state a claim for the following reasons: (1) That the action is premature for the reason that the governing body of the city has not completed the vacation of the street in question and (2) Plaintiff's remedy is by appeal to the district court after and if the resolution of vacation is published. After a hearing on

this motion the district court dismissed the complaint upon the ground that it was premature. Plaintiff has appealed from the judgment of dismissal.

The complaint in this action alleges that the resolution vacating North Terrace has not become effective because the resolution has not been published and because the Oak Grove Lutheran High School has not complied with the conditions set forth in the resolution. It alleges that the resolution is void because of defects in the proceedings leading to the adoption of the resolution. It also alleges that both defendants are either acting or threatening to act to stop traffic on North Terrace and that the defendant, City, is about to create a special assessment district to finance land acquisition and construction of an alternate route before the vacation has become effective.

■ Upon a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b) N.D.R.Civ.P. the allegations of the complaint will be deemed to be true. Nelson v. Westland Oil Co., 8 Cir., 181 F.2d 371; Embassy Dairy v. Camalier, 93 U.S.App.D.C. 364, 211 F.2d 41; Odell v. Humble Oil & Refining Co., 10 Cir., 201 F.2d 123. Section 40–39–07 NDCC (40–3907 NDRC 1943) provides:

"* * * After hearing the testimony and evidence or on the report of the committee favoring the granting of the petition, the governing body, by a resolution passed by a two-thirds vote of all its members, may declare the public grounds, streets, alleys, or highways described in the petition vacated upon terms and conditions as it shall deem just and reasonable."

Section 40–39–08 NDCC (Sec. 40–3908 NDRC 1943) provides:

"Before the resolution declaring the vacation of a public ground, street, or alley shall go into effect, it shall be published as in the case of ordinances. * * *"

■ The statutes thus make it clear that the governing body of a city has a right to resolve the vacation of a street upon condition and that the resolution does not go into effect until the condition has been met and the resolution published.

Thus, the allegations that the conditions, required by the resolution in this case, have not been met and that the resolution has not been published, which we assume to be true, require a conclusion that the resolution is not in effect. It follows that the alleged contemplated acts of the defendants, in blockading North Terrace and in creating a special assessment district to defray the cost of acquiring property and constructing an alternate street, would be without authority of law.

■■ The plaintiff, Park District of the City of Fargo, is a public corporation with the power to sue. (Sec. 40-49-06 NDCC) It has the duty to maintain parks and recreational areas for the benefit of the public. It has an interest in keeping the access streets to the recreational areas, operated by it, open and free from obstruction. Oak Grove Park, which is owned by the park district, would be subject to a part of special assessment to build a new street to take the place of North Terrace.

■ The complaint has alleged the existence of a controversy between the Fargo Park District on one hand and the Fargo City Commission and Oak Grove Lutheran High School on the other, over the legality of the contemplated creation of a special assessment district and the closing of North Terrace by a barricade, and has asked for a judgment declaring such contemplated acts illegal and for such other relief as may be just. It was not necessary for the plaintiff to wait until its rights were actually invaded to commence such an action.

■ "The Declaratory Judgments Act is intended to provide a method whereby parties to a justiciable controversy may have such controversy determined by a court in advance of any invasion of rights * * *."

Langer v. State, et al, 69 N.D. 129, 284 N.W. 238. We are agreed therefore that it was error for the district court to dismiss the complaint.

■ A motion to dismiss a complaint upon the ground that it does not state a claim upon which relief may be granted should be denied, where some of the allegations are good and sufficient and would if established entitle the plaintiff to some, if not all, of the relief demanded. Roethke v. North Dakota Taxpayers Ass'n, 72 N.D. 658, 10 N.W.2d 738; Great Northern R. Co. v. Mustad, 76 N.D. 84, 33 N.W.2d 436.

What we have said in this opinion does not mean that plaintiff is entitled to an adjudication of the validity of the resolution vacating North Terrace, when and if the conditions of the resolution are complied with by the defendant, Oak Grove Lutheran High School, and the resolution is published. There is no certainty that either of these requirements will be performed. In fact plaintiff's complaint alleges that "Oak Grove Lutheran High School does not own and has no intention of purchasing all the real property needed for the proposed new street." This is in effect an allegation that the conditions of the resolution will not be met. In view of this uncertainty a decision of these issues would be only advisory in character.

■ The Declaratory Judgment Act does not authorize advisory opinions. Ginakes v. Johnson, 75 N.D. 164, 26 N.W.2d 368.

The judgment dismissing plaintiff's complaint is reversed.

MORRIS, C. J., and TEIGEN, J., concur.

STRUTZ, J., did not participate.

ERICKSTAD, J., not being a member of this Court at the time of submission of this case, did not participate.