[File No. 6722.]

ESTHER SCHWARZ and Arnold Thoreson, Respondents, v. ANNA THORESON, Appellant.

(296 N. W. 420.)

Opinion filed February 11, 1941.

*Forbes & Forbes* and *Johnson & Milloy,* for appellant.
*Clifford Schneller,* for respondents.

BURKE, J.   In July, 1940, respondents initiated proceedings in the county court of Richland county, seeking the appointment of a guardian for the estate of the appellant Anna Thoreson upon the ground of alleged incompetency.   After a hearing upon the petition, the county court adjudged that the appellant "was incapable of taking care of herself or managing her property" and made its order appointing one Olaf Bjorke guardian of her estate.   After the entry of this order, the attorneys who had represented Anna Thoreson at the hearing in county court withdrew from the case and her present counsel were retained to appeal from said order to the district court.   After the appeal had been perfected, counsel discovered that the record on appeal disclosed that the following stipulation had been entered in the minutes of the county court.   "It is stipulated and agreed in open court by the respective parties, that a guardian for the estate of Anna Thoreson shall be appointed by the court and that such guardian shall be, first Selmer Edlund, if he will act, and if he will not act, then, Carl Gauslow, and if both refuse to act then such person as the court may appoint under the evidence submitted."

Upon making this discovery counsel immediately made their motion that the district court remand the record to the county court for cor-

rection, supporting their motion by affidavits stating that the stipulation above set forth was merely a tentative stipulation which had been dictated into the minutes by the judge of the county court, but which had never been agreed to by the parties of their attorneys. Counter-affidavits were filed by the respondents and after a hearing the district court denied the motion. This appeal is from the order of the district court denying that motion.

Respondents concede that the district court had no power to correct the record and that if, upon such motion, an issue of fact as to whether the record was incorrect in any material matter had been presented, it would have been the duty of the district court to remand the record to the county court, to determine that issue of fact ar ' to change or refuse to change the record in accordance with such determination. They assert, however, that the correction which appellant sought to have made was wholly immaterial; that upon a general appeal from the county court all issues must be tried and determined anew in the district court; that the presence of the stipulation in the record will not relieve respondents of the burden of proving anew all of the allegations of their petition; that such stipulation is not evidence which can be offered in support of those allegations and that therefore even if the record be incorrect in reciting that such stipulation was made, there could be no possible resulting prejudice to appellant.

On the other hand, appellant is apprehensive lest the stipulation be construed as a waiver of her right of appeal and, if it remains in the record, result in the appeal being dismissed without a new trial on the merits.

Ordinarily a party may not appeal from an order or decree which has been entered with his consent, 4 C. J. S. 404. This general rule, however, has no application to an order appointing a guardian of the estate of an incompetent person. 32 C. J. 661. Re Sullivan, 143 Cal. 462, 77 P. 153. Section 8887, Compiled Laws of N. D. 1913, provides: "If after a full hearing and examination upon such petition, it appears to the court that the person in question is incapable of taking care of himself and managing his property, he must appoint a guardian of his person and estate with the powers and duties in this chapter specified."

As was said in the Sullivan Case, supra (143 Cal. at p. 466, 77 P.

at p. 154): "The statute does not contemplate that any such adjudication should be made upon the agreement of the party alleged to be incompetent. If the party is in fact mentally incompetent, his request or consent that he be so adjudged is unavailing for any purpose. . . . If he be not, in fact, incompetent, his agreement that he is incompetent does not make him so, and the statute authorizes the appointment of a guardian on this ground only where, after full hearing and examination, it appears from the testimony that the person is in fact incapable of taking care of himself and managing his property."

It is clear therefore that even though the stipulation be wrongfully in the record it cannot affect appellant's right of appeal. Nor can its presence in the record prejudice her upon the trial of the issue of competency in the district court. That issue, upon a general appeal from the county court must be tried in the district court on evidence to be offered anew and not on the record or transcript certified from the county court. Re Peterson, 22 N. D. 480, 134 N. W. 751. Appellant's motion, therefore, was to remand the record for correction upon a matter which could have no bearing upon the result of the appeal. It presented a moot question and was properly denied. The order of the District Court is affirmed.

BURR, Ch. J., and NUESSLE, MORRIS, and CHRISTIANSON, JJ., concur.