# Commonwealth ex rel. Eagen *v.* Dunmore Borough School Directors et al., Appellants.

Submitted November 26, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON, and PARKER, JJ.

*Paul A. McGlone,* for appellants.

*George Morrow,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 6, 1942:

This is a proceeding in mandamus to secure to a taxpayer the right to inspect the accounts and records of the board of directors of the School District of Dunmore, Borough, a school district of the third class.

The petition, which was filed May 19, 1941, set forth that Genevieve Noone, a resident taxpayer of the School District of Dunmore Borough, presented a written request at a regular meeting of the school directors, held May 13, 1941, for permission to inspect the accounts and records of the board, and that the board refused to grant

such request. In accordance with the prayer of the petition, the court, on the same date, directed that a writ of mandamus issue to the members of the school board, commanding them to allow the inspection or show cause why the relief prayed for should not be granted. Respondents filed a return on May 21, 1941, denying that the request of the taxpayer had been refused, but admitting that she had been advised an inspection of the records could not be allowed at the time, for the reason that the books and records of the district were in constant use by the board in preparation of its budget for the fiscal year commencing July 1, 1941, and in the preparation of certain financial statements to be used in connection with an application for a grant of financial assistance from the Commonwealth, under an appropriation act which expired June 30, 1941, and in obtaining a short-term loan, customarily negotiated by the board on July first of each year to meet pay roll obligations. After hearing, the court below entered an order "to continue until further order of the court", directing that respondents permit an inspection and examination of the school district books and records by the taxpayer, Genevieve Noone, or her agents, Heinbokel, Goodwin and Griffiths, certified public accountants, between the hours of 9 :00 A. M. and 1 :00 P. M. each day, except Sunday, at the office of the district, and directing that Mrs. Noone use all reasonable diligence to complete the audit. Respondents thereupon took this appeal.

Section 319 of the School Code of 1911, P. L. 309, as amended by the Act of May 29, 1931, P. L. 243, section 7, provides as follows: "The accounts, records of proceedings of the board of every school district of the third and fourth class, and of their officers, shall be open to the inspection of any taxpayer thereof, his, her, or its agent or representative, upon request therefor in writing to the board of school directors at a regular meeting." Conceding the right of a taxpayer to make an examination of its records, upon written request as provided by the

statute, the board contends that the order of the court below was improperly entered, on the ground that an examination, at the time, would have interfered with the performance by the board of its duties in connection with the completion of its financial program for the fiscal year commencing July 1, 1941, and on the ground that no direct refusal by the board to permit the inspection had been shown.

The statutory right of inspection given the taxpayer by the School Code is, of course, not unqualified or free from all restrictions, but must be accepted and exercised at a proper time and place and in such a manner as will not unduly interrupt or interfere with the board in the administration and discharge of its official duties. See 53 C. J. 625; 23 R. C. L. 165. The time, place and manner of the examination to be allowed necessarily depends upon the circumstances of each case and must be left largely to the discretion of the court enforcing the right. See *Ruby v. Penn Fibre Bd. Corp.*, 326 Pa. 582, 586. Having due regard for the relative convenience of all parties concerned, we are unable to conclude, from an examination of the record in the present case, that a clear abuse of discretion has been made to appear. Nor are we able to agree with the contention that an antecedent demand upon and refusal by the board to grant the taxpayer's request for an inspection, such as is prerequisite to relief by mandamus, has not been sufficiently shown. It was not necessary, to maintain the proceeding, to show that the board took official action refusing the request for an inspection.

Aside from the merits, the appeal must be quashed for the reason that the order of the court below appealed from, being expressly made subject to further order of the court, is not a final order from which an appeal will lie. A tentative order of this character, frequently entered by a court, where, as here, the granting or refusal of relief calls for the exercise of judicial discretion, for the very purpose of informing itself as to its duty, and

to ascertain what final action should be taken, by observing the results of the order in operation, is interlocutory and not appealable. See *Com. v. Blatt,* 165 Pa. 213.

Appeal quashed. Costs to be paid by appellants.