STATE of North Dakota ex rel. Harold SCHAFER, Relator and Respondent,

v.

W. S. GUSSNER, E. A. Killie, K. L. Zenner, L. T. Havig, J. E. Slatta, R. G. Arveson, K. L. Rue, M. F. Peterson, and Earl Abrahamson, Constituting the Board of Directors and Executive Secretary of the North Dakota High School Activities Association, and T. E. Simle, W. S. Gussner and Hamilton G. Vasey, Superintendents of the Bismarck, Jamestown and Fargo Schools respectively, Defendants and Appellants.

No. 7755.

Supreme Court of North Dakota.

Sept. 17, 1958.

Hjellum, Weiss, Nerison & Ottmar, Jamestown, and L. T. Sproul, Valley City, for appellants.

Strutz, Jansonius & Fleck, Bismarck, for respondent.

PER CURIAM.

The relator in this action, with the consent of the Attorney General, petitioned the district court on May 23, 1957, for a writ of prohibition to restrain the defendants from enforcing the ruling they had made declaring high school boys who had participated in a DeMolay basketball tournament in Bismarck, on April 25, 26, and 27, 1957, ineligible for participation in their track, tennis or golf games in the spring of 1957. The application was supported by the relator's affidavit. The district court on that application forthwith issued an alternative writ of prohibition temporarily restraining defendants from enforcing such ruling and directing them to show cause why the temporary order should not be made permanent. The court set a hearing on the matter for June 18, 1957.

Upon that hearing the court ordered judgment that a peremptory writ of prohibition issue. The appellants took this appeal from that judgment.

It is admitted that before the final hearing held on June 25, 1957, the boy involved had, in obedience to the alternative writ, been allowed to participate in all high school spring sports. The matter in issue, therefore, had become moot. Those of the boys who had been victorious in those games had not been presented their awards. The right to receive awards is not an issue in this case. The relator did obtain the object which he sought, namely, that the boys be allowed to play during the spring of 1957.

Neither party moved for a dismissal of the case. The appellants, however, contend that there remain several issues which may arise under similar circumstances in the future. Suffice it to say that no such future situations are before us. There is no actual controversy now existing between the parties involved.

In Lockwood v. Baird, 59 N.D. 713, 231 N.W. 851, this court held:

"The judicial power vested in the courts of North Dakota, extends only to the determination of actual controversies properly before the court, and does not authorize a court to act in an advisory capacity and to give its opinion on moot questions or abstract propositions." See also Borchard Declaratory Judgments, Second Edition, p. 81; State ex rel. Anderson v. Sieg, 63 N.D. 724, 249 N.W. 714; North Dakota Wheat Growers Association v. Moore, 52 N.D. 904, 204 N.W. 834; Schwarz v. Thoreson, 70 N.D. 552, 296 N.W. 420; Langer v. State, 69 N.D. 129, 284 N.W. 238; Ginakes v. Johnson, 75 N. D. 164, 26 N.W.2d 368; Asbury Hospital v. Cass County, 72 N.D. 359, 7 N. W.2d 438; Brace v. Steele County, 77 N.D. 276, 42 N.W.2d 672.

Since it is not within our power to render advisory opinions we cannot consider any of the questions raised on this appeal, or the appropriateness of the selected remedy.

The appeal is dismissed.