Fred NORDENSTROM, Plaintiff and Respondent,

v.

Milton SWEDBERG, Doing Business as Swedberg Construction Company, Defendant and Appellant.

No. 8101.

Supreme Court of North Dakota.

Sept. 10, 1963.

Stokes, Vaaler, Gillig & Warcup, Grand Forks, for appellant.

Shaft, Benson, Shaft & McConn, Grand Forks, for respondent.

ERICKSTAD, Judge.

This is an action wherein the plaintiff, Fred Nordenstrom, sued the defendant, Milton Swedberg, doing business as Swedberg Construction Company, to recover a certain amount of money for services rendered the defendant pursuant to a contract, the plaintiff having done lathing and plastering for the defendant as a subcontractor. The defendant, after interposing an answer which denied the material allegations of the complaint and after asserting an affirmative defense alleging that the contract required that any dispute arising from the contract should first be submitted to arbitration, which the defendant alleged had not been done in this case, moved for a dismissal of the action.

The trial court denied the motion, and the defendant appealed from the order denying same. The plaintiff, Nordstrom, moved in this court for a dismissal of the appeal on the grounds that the order appealed from is not an appealable order.

■ This court on many prior occasions has held that appeals from interlocutory orders will lie only in the cases authorized by statute and that an appeal will not lie from an order denying a motion to dismiss an action. See the case of Union Brokerage Company v. Jensen, 74 N.D. 154, 20 N.W.2d 343, and the many cases cited therein.

■ The defendant, however, asserts that this case is different from all of the other cases cited and, thus, that the doctrine of stare decisis does not apply. To substantiate his claim that this appeal should be treated differently, he refers the court to the case of Wall v. First National Bank of Crosby, 49 N.D. 703, 193 N.W. 51, wherein Judge Nuessle, speaking for the entire Court said:

"It may be contended that the order here in question comes within the fourth subdivision of section 7841, providing that an order is appealable when it involves the merits of an action or some part thereof."

It is argued by the defendant that the trial court, in denying the defendant's motion for dismissal, has deprived the defendant of a contractual right to have any dispute arising over the contract submitted first to arbitration and that in this respect the order involves the merits of this action.

It should be noted, however, that in the aforesaid case the Supreme Court went on to find that an order denying a motion for judgment on the pleadings was not an appealable order.

In a decision rendered in 1955, entitled Schaff v. Kennelly (N.D.), 69 N.W.2d 777, in discussing the meaning of the phrase which the defendant contends applies here, this court said:

"We have construed the phrase 'an order which involves the merits of an action or some part thereof', 28–2702, subd. 5, as embracing orders which pass upon the *substantial* legal rights of the party complaining, whether such rights do or do not relate directly to the cause of action or subject matter in controversy. Hauser v. Security Credit Co., supra, 66 N.D. [399] at page 406, 266 N.W. [104] at page 107; Ostlund v. Ecklund, supra, 42 N.D. [83] at page 85, 171 N.W. at pages 857 and 858; Northern Pacific R. Co. v. Barlow, 20 N.D. 197, 208, 126 N.W. 233, 237; 4 C.J.S. Appeal and Error § 99, note 12, citing Bolton v. Donavan, 9 N.D. 575, 84 N.W. 357, as does 3 C.J. 452, and 16 A.L.R.2d 1037 and 1 A.L.R.2d 425.

" * * * On the other hand, an order is not appealable under such a provision as subdivision 5, supra, unless, in effect, it finally determines some positive legal right of appellant relating thereto. 4 C.J.S. Appeal and Error §

99, note 13; Ostlund v. Ecklund, supra; 2 Am.Jur., Appeal and Error, sec. 21; 14 A.L.R.2d 462 and 467; 37 A.L. R.2d 591.

" 'An order which leaves the point involved still pending before the court, and undetermined, does not involve the Merits.' Ferguson v. Jensen, supra, 76 N.D. [647] at page 650, 38 N.W.2d [560] at page 562.

" ' "Where statutes allow an appeal from interlocutory orders 'affecting a substantial right' or 'involving the merits,' an order in the nature of a final judgment decisive of some question or point in the case is meant, as distinguished from mere rulings on matters of practice arising during the progress of the cause." 2 Encyclopedia Pl. & Pr. 75.' Ostlund v. Ecklund, supra, 42 N.D. at page 84, 171 N.W. 857; In re Glavkee's Estate, 75 N.D. 118, 122, 25 N.W.2d 925; Burdick v. Mann, 59 N.D. 611, 615, 231 N.W. 545.

"Applying the foregoing principles, we held, in Wall v. First National Bank, supra, 49 N.D. 703, 193 N.W. 51, that a motion for judgment on the pleadings does not come within the 'merits subdivision', 28–2702, subd. 5, and such ruling was reaffirmed in Torgerson v. Minneapolis, St. P. & S. Ste. M. R. Co., 51 N.D. 745, 200 N.W. 1013, and in Ferguson v. Jensen, supra, 76 N.D. at pages 650 and 651, 38 N.W.2d 560 at pages 561 and 562. See 14 A.L. R.2d 467, citing the first two cases, and stating that Wall v. First Nat. Bank, supra, followed McMahon v. Davidson, 1867, 12 Minn. 357, 12 Gil. 232, cited in Ferguson v. Jensen, supra, 76 N.D. at page 651, 38 N.W.2d at page 562, wherein the Minnesota Supreme Court held that an order denying a motion for judgment on the pleadings was nonappealable under the 'merits subdivision', on the ground that an order from which an appeal lies under that clause of the statute must be decisive of the question involved, or of some strictly legal right of the party appealing, and that an order which leaves the point involved still pending before the court and undetermined cannot be said to involve the merits or affect a substantial right. Such Minnesota case stated:

" 'The motion in this case was made on the ground that the complaint did not state facts sufficient to constitute a cause of action, and the refusal to allow the motion did not determine the sufficiency of the pleading, or prejudice the defendant's right to raise the question at a subsequent stage of the proceedings.' 14 A.L.R.2d 467.

"It is the majority view, as well as our view, that, under the 'merits clause', an order overruling a motion for judgment on the pleadings is not appealable. 14 A.L.R.2d 463; 2 Am. Jur., Appeal and Error, sec. 78; 4 C.J. S. Appeal and Error § 116c(8), page 225.

"Likewise, we conclude that the order denying defendants' motion for dismissal of the action on the merits, and with prejudice, (and without a trial on the merits) is a nonappealable order. * * *"

In this case, the order denying the motion to dismiss is not decisive of the question involved, nor does it prejudice the defendant's right to raise the question at a subsequent stage of the proceedings.

We therefore conclude that the contention of the defendant, who is the appellant in this case, is untenable and thus find that the order appealed from is not appealable under Subsection 5 of Section 28–27–02 of the North Dakota Century Code as being an order which involves the merits of an action or some part thereof. We further find that it is not an order appealable under any other subsection of said statute,

which statute sets forth the orders which are reviewable.

The appeal is dismissed.

MORRIS, C. J., and BURKE, TEIGEN and STRUTZ, JJ., concur.