STATE ex rel. Elmer OLSON, Secretary to the North Dakota Public Service Commission, Petitioner,

v.

W. C. LYNCH, District Judge of Burleigh County, North Dakota, Respondent.

No. 8286.

Supreme Court of North Dakota.

Dec. 17, 1965.

Helgi Johanneson, Atty. Gen., and Norton M. Hatlie, Special Asst. Atty. Gen., Bismarck, for petitioner.

Wheeler & Daner, Bismarck, for Northern States Power Co. and Otter Tail Power Co.

Cox, Pearce, Engebretson, Murray & Anderson, Bismarck, for Montana-Dakota Utilities Co.

BURKE, Chief Justice.

In this proceeding relator has petitioned this Court to exercise its original jurisdiction to superintend all inferior courts, and to set aside an ex parte restraining order issued by the respondent, Judge W. C. Lynch, in the case of Montana-Dakota Utilities Co., et al v. Helgi Johanneson, as Attorney General for the State of North Dakota, et al.

This restraining order temporarily restrained the Public Service Commission from enforcing Chapter 319, Laws of 1965, in connection with a Public Service Commission Case known as the Coleharbor Case.

It appears that Otter Tail Power Company entered into a contract with the City of Coleharbor on July 29, 1965. By this contract Otter Tail agreed to furnish the city with electric power to operate a pumping station located in a rural area.

McLean Electric Cooperative thereafter filed a complaint with the Public Service Commission alleging that the contract between Otter Tail and the City of Coleharbor violated Chapter 319, Laws of 1965, and praying that the Public Service Commission issue its order directing Otter Tail to cease and desist from taking any steps to execute its contract with the City of Coleharbor. Upon this complaint an order to show cause returnable September 23, 1965, and a temporary Cease and Desist Order were issued.

At this point Otter Tail together with the Montana-Dakota Utilities Company and Northern States Power Company instituted an action for a declaratory judgment, declaring that Chapter 319, Laws of North Dakota 1965, was repugnant to the State and Federal Constitutions and therefore void. The prayer for relief in this action also asked for an injunction enjoining the Public Service Commission from invoking the provisions of Chapter 319 Laws of 1965. Upon this complaint and a supporting affidavit, Judge W. C. Lynch, Judge of the District Court of Burleigh County issued an order to show cause why a temporary injunction should not be issued during the pendency of the action and a temporary restraining order restraining the Public Service Commission from enforcing Chapter 319 Laws of North Dakota 1965, in the Coleharbor Case until a hearing upon the order to show cause could be had. This order to show cause was returnable September 21, 1965, or two days before the date set for hearing on the order to show cause issued by the Public Service Commission.

It appears, however, that the hearings upon these respective orders to show cause have been indefinitely postponed by agreement of the parties.

The petition for an original supervisory writ was filed in this Court November 19, 1965.

■ Superintending jurisdiction enables Supreme Court to control a lower court, which though within its jurisdiction, is by mistake of law, or willful disregard of it, doing a gross injustice and there is no adequate remedy by appeal. Schaff v. Kennelly, N.D., 69 N.W.2d 777.

■ Superintending control is an extraordinary power which will be exercised on behalf of a litigant only under circumstances that are tantamount to a denial of justice. Stormon v. District Court of Pierce County et al., 76 N.D. 713, 38 N.W.2d 785. The power of general superintending control over inferior courts was vested in the Supreme Court to assure a corrective remedy where an inferior court refuses to act within its jurisdiction, acts injudicially or erroneously within its jurisdiction, or acts beyond its jurisdiction to the serious prejudice of any party and where there is no adequate remedy for the review and correction of such erroneous and prejudicial acts. State ex rel. Johnson v. Broderick, 75 N.D. 340, 27 N.W.2d 849.

■ Relator has attempted to bring the facts of this case within the scope of these decisions. In the first place he asserts that he has no right of appeal. In a sense he is

correct. Under the provisions of Section 28–27–02 sub-section 7, N.D.C.C. an ex parte order is not appealable. It remains non-appealable until such time as the judge who made the order has a chance to reconsider his decision in an adversary proceeding. Such an appealable order would have been entered had the order to show cause issued by Judge Lynch been heard on the day appointed in the order. We therefore have little sympathy for relator's claim that he has no right of appeal. No attempt was made to secure the entry of an appealable order. If relator had proceeded expeditiously, an appeal in the case could have been submitted to this court at about the same time as the application in this proceeding. In this case the lack of a right of appeal, was remediable in the district court, as that could have been established by a motion to set aside the order complained of.

The effect of the order which relator asks us to set aside, is to permit Otter Tail to complete its contract with the City of Coleharbor. No one has been damaged except McLean Electric Cooperative. Under the provisions of Chapter 319, Laws of 1965, it was given a preference over regular public utilities in so far as furnishing electrical service outside of the corporate limits of municipalities was concerned. The injury would be no more than the profit the cooperative could earn in making the installation and furnishing service. Such an injury is certainly not irreparable.

The attorneys for the relator argue that the temporary restraining order prevents the Public Service Commission from performing its clear duty under the law and that all the people of the State are thereby injured.

■ It is argued that where the challenge to a law is constitutional, enforcement should not be enjoined until the question of constitutionality has finally determined in a court of last resort. However, we held precisely to the contrary in Bartels Northern Oil Company v. Jackman, 29 N.D. 236, p. 247, 150 N.W. 576, p. 579, this Court said:

" * * * a suit for injunction may be entertained when, in other respects, the complaint states a cause of action, having for its purpose the enjoining of officers of the law from executing an unconstitutional act of the Legislature or to determine whether an act is valid."

■ The order which we are asked to set aside in the exercise of our original supervisory jurisdiction, if allowed to stand, would result only in a temporary money damage to McLean Electric Cooperative, rectifiable upon the conclusion of the suit in which the order was entered. If the parties are not willing to await the outcome of the suit, the order may speedily be made appealable and an appeal taken to this Court.

The application does not present a proper case for the exercise of original supervisory jurisdiction and the application of the relator is therefore denied.

BURKE, C. J., and STRUTZ, ERICKSTAD, KNUDSON and TEIGEN, concur.