WAHPETON PUBLIC SCHOOL DISTRICT NO. 37, a Public Corporation, Plaintiff and Respondent,

v.

The NORTH DAKOTA EDUCATION ASSOCIATION, a Nonprofit Corporation, Defendant and Appellant.

Civ. No. 8505.

Supreme Court of North Dakota.

March 19, 1969.

Rehearing Denied April 9, 1969.

Lewis & Bullis, Wahpeton, for plaintiff and respondent.

Rausch & Chapman, Bismarck, for defendant and appellant.

STRUTZ, Judge (on reassignment).

The plaintiff school district, finding its finances in a depleted condition, submitted to the voters of the district the question of increasing its taxing authority. This proposal was rejected by the voters. Because of such defeat at the polls, the school board, the governing body of the school district, found that funds available to the district were insufficient to meet the demands of its teachers for increased salaries. The plaintiff thereupon determined that the only way such demands could be met was by the elimination of certain courses from its curriculum. A resolution eliminating certain courses thereafter was adopted, thus eliminating certain teaching positions in the system.

The defendant, representing a vast majority of the teachers in the plaintiff's system, thereupon demanded that the plaintiff restore such teaching positions, and suggested that plaintiff district obtain the funds needed for salary increases for teachers by the issuance of certificates of indebtedness or by some other form of deficit spending. During the course of negotiations between the parties, representatives of the defendant impressed upon the plaintiff school district that the "onus" of failing to accede to the teachers' demands would be on the plaintiff, and that if matters were not settled to the satisfaction of the teachers, "sanctions" could be imposed against the school district which would include recommending to members of the defendant association and to members of the National Education Association that such members do not consider employment by the plaintiff district.

A meeting between the parties was set for April 10, 1968. Before that meeting convened, however, the plaintiff went into the district court and obtained a temporary restraining order against the use of sanctions by the defendant. Thereupon the Wahpeton Education Association, many of whose members also are members of the defendant State association, voted to impose sanctions and requested the defendant to support it in its action.

The temporary injunction issued by the court was served upon the defendant, requiring the defendant to show cause, if any it had, why the defendant, its officers, employees, or agents, should not be restrained and enjoined, pending hearing, from imposing sanctions against the plaintiff, or from recommending to defendant's members or to members of the National Education Association that they do not accept employment with the plaintiff school district. The order to show cause was set for hearing on April 24, 1968, at three o'clock p.m.

The defendant, on being served with summons and complaint and with the restraining order, filed its answer and counterclaim, together with its petition for a temporary injunction restraining the plaintiff school district from interfering with the defendant or its members, restraining the plaintiff from issuing or offering any contract to any teachers with regard to any position with the plaintiff school district, during the time the defendant was restrained and enjoined by the order previously issued by the court, and from further contacting any organization for the purpose of recruiting teachers for the plaintiff school district. A temporary order so restraining the plaintiff was signed by the court, and an order to show cause why such temporary restraining order should not be made permanent was set for hearing at the same time and place at which the order to show cause in the proceedings for injunction brought by the plaintiff was to be heard.

Both parties appeared before the court on the 24th day of April 1968 at three o'clock pursuant to such orders to show cause. After hearing, the court issued its order which provided:

"I.

"That the temporary restraining order issued against the defendant on the 10th day of April, 1968 be continued for a period of two weeks from and after the 24th day of April, 1968, at which time said matter will be heard on its merits.

"II.

"That the temporary restraining orders issued by this Court against the plaintiff on the 15th day of April, 1968 and the 19th day of April, 1968 be, and they hereby are dissolved; provided however, that those teachers in the Wahpeton School District who signed contracts issued by the School Board on April 17, 1968 shall have until 5:00 P. M. on April 26, 1968 to withdraw said contracts if they so desire, and provided further that those teachers who submitted resignations as a result of the issuance of said contracts shall have until

5:00 P. M. on April 26, 1968 to withdraw said resignations."

From such order, dated April 25, 1968, the defendant has taken the appeal to this court.

■ The first question which we must determine is whether the order appealed from is an appealable order. This court has held that appeals from temporary or interlocutory orders will not lie, except in cases where appeal is expressly authorized by statute. Nordenstrom v. Swedberg, 123 N.W.2d 285 (N.D.1963).

■ Such orders, where not made expressly appealable, are reviewable on appeal from the judgment, if the order and the facts essential to the review are embodied in the settled statement of the case and made a part of the record on appeal. Burdick v. Mann, 59 N.D. 611, 231 N.W. 545 (1930).

Section 28–27–02, North Dakota Century Code, sets out what orders are appealable. Subsection 7 of that section provides that an order made by the district court or judge thereof, without notice, is not an appealable order; but an order made by the district court after hearing is had upon notice

"* * * which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice."

We therefore must determine whether the orders of the district court, made without notice, which restrained the parties from doing certain things, would have been appealable orders had they been made on notice. If they were appealable, then the order, after hearing, which vacated such previous orders in part and which refused to set aside and vacate such previous orders in part, would be an appealable order.

The previous orders restrained and enjoined the respective parties from doing certain acts. Subsection 3 of Section 28–27–02 provides, among other things, that an order which grants, modifies, or dissolves an injunction is an appealable order.

■ The original order signed by the district court, without notice, enjoined the defendant from doing any act which might interfere with the carrying out of the functions of the plaintiff as required by law; and from imposing sanctions or from recommending to members of the North Dakota Education Association or the National Education Association, or any student affiliates of either, that they do not consider employment by the plaintiff. Had this order been made upon notice, it would, in our opinion, have been an appealable order. Thus, when the district court, after hearing, refused to set aside the order, the order which refused to vacate the original order, which had been made without hearing, was an appealable order under Section 28–27–02(7), North Dakota Century Code. The mere fact that the district court refuses to vacate or dissolve the order for a period of an additional two weeks only would not, in our opinion, make this a nonappealable order merely because it is a temporary order. If the trial court could make this order nonappealable by refusing to set aside the injunction for a period of time, to wit, two weeks in this case, instead of vacating or refusing to vacate the order, it could issue a series of such orders, each of which would refuse to vacate or dissolve the injunction for a two-week period and thus prevent an appeal from such order. Or it could issue a temporary order for two months instead of for two weeks.

It will be noted that in the order appealed from, the district court did dissolve the temporary restraining order previously issued ex parte (on application of the defendant) against the plaintiff school district. This portion of the order thus was an order that dissolved an injunction against the plaintiff as well as an order which refused to modify or dissolve an injunction against the defendant, issued after hearing. As such, it is held to be an appealable order under the provisions of Sections 28–

27-02(3) and 28-27-02(7), North Dakota Century Code. We so held in Gillies v. Radke, 78 N.D. 974, 54 N.W.2d 155 (1952), and in State ex rel. Olson v. Lynch, 138 N.W.2d 785 (N.D.1965).

We next come to the issue of whether the question raised by the appeal is moot. Both parties concede that, immediately after the entry of the order appealed from, negotiations between the plaintiff and the teachers were resumed and that the controversy was settled within two days thereafter. Thus, at the time the appeal was taken, a full settlement of the issues between the parties had been reached.

■ Ordinarily, an appeal will be dismissed if the question raised by the appeal has become moot or if, without fault of the respondent, an event has occurred which makes a determination of such question unnecessary and leaves no actual controversy to be determined. Hart v. Bye, 86 N.W.2d 635 (N.D.1957); State ex rel. Schafer v. Gussner, 92 N.W.2d 65 (N.D.1958); Lockwood v. Baird, 59 N.D. 713, 231 N.W. 851 (1930).

■ The parties both concede that the issue which was raised by the pleadings no longer exists, and that there is no reason for continuing in force the temporary restraining order which had been granted by the district court. The controversy has been settled, and the record does not disclose any reason for believing that the acts which the plaintiff or the defendant sought to have enjoined will be renewed. As this court said in State ex rel. Schafer v. Gussner, *supra*:

"Judicial power vested in the courts of North Dakota, extends only to the determination of actual controversies, properly before the court, and does not authorize the court to give advisory opinions on moot questions or abstract principles."

The appellant, however, asserts that certain exceptions to this rule exist in this case, and that this court should determine the issues on this appeal for the following reasons:

"1. The Order did not, in fact, terminate but is still in effect;

"2. The issue is not moot because of the secondary question of practical importance (i. e., liability under plaintiff's bond) which turns upon the result of the appeal; and

"3. The matter before the Court contains issues of such overriding importance that the value of their determination as a precedent is sufficient to overcome the rule against considering moot questions."

■ We cannot agree with the appellant's contentions. The first contention clearly is untenable because a preliminary injunction will be dissolved when the reasons for granting such injunction have ceased to exist and it no longer can serve any useful purpose. As we stated in Brace v. Steele County, 77 N.D. 276, 42 N.W.2d 672 (1950):

"A temporary injunction is issued only to preserve the rights of the plaintiff during the pendency of the action and where the reasons for granting such injunction have ceased to exist and it is not likely that the acts which the temporary injunction sought to prohibit will be renewed the injunction should be dissolved."

■ The purpose of the restraining orders ceased to exist when the controversy between the parties was settled; and therefore, the purpose of the injunction having ceased to exist, the injunction should be dissolved.

■ The appellant contends next that the issue is not moot because there is the question of liability under the appellant's bond which will depend upon the results of this appeal. This contention also is without merit. As we stated in Hart v. Bye, *supra*:

"A moot question will not be passed upon simply to relieve an appellant from

paying a judgment for costs, as costs are distinct from and do not relate to the merits of the action, arising only after the question of merits has been passed upon."

The final ground urged by the appellant in support of its contention that this matter is not moot is based upon the fact that the appeal involves issues of such overriding importance that the value of their determination as a precedent is sufficient to overcome the rule against considering moot questions. This court did say, in Hart v. Bye, *supra*, that an exception to the moot-question rule is that the appeal will not be dismissed if it involves a question of great public interest. However, that rule cannot be applied in this case. In the proceedings before the trial court, no evidence was produced other than returns made in resistance to the continuance of the respective restraining orders. The defendant has denied that if it were to impose sanctions, such sanctions would be as alleged by the plaintiff Wahpeton School District. On the other hand, the plaintiff Wahpeton School District has denied that it would attempt to restrain the defendant from doing any acts which it might lawfully do. We have no evidence in this case from which we can determine just what "sanctions" would imply. Neither can we determine, from the record before us, in what way, if any, the plaintiff would interfere with the legal rights of the defendant. These questions cannot be determined upon the partial record which we have before us.

■ A concurring opinion, which dissents from the holding herein on the appealability ·of a temporary restraining order, has been filed. This opinion asserts that if a trial court were to continue a restraining order for an unreasonable time, the party restrained would not be without an appropriate remedy because such party could apply to this court for a supervisory writ. In making this assertion, the writer fails to mention the fact that a supervisory writ was sought in this case by NDEA and

that such application was denied by this court because it was deemed best for all concerned that the matter be brought before us for review on appeal.

For reasons stated in this opinion, the appeal of the North Dakota Education Association is dismissed.

ERICKSTAD and PAULSON, JJ., concur.

TEIGEN, Chief Justice (concurring specially).

I concur in the result reached by the majority. However, I believe the appeal should be dismissed on the ground that the order from which the appeal is taken is not an appealable order and this court does not have jurisdiction of the subject matter.

The plaintiff commenced an action seeking a permanent injunction against the defendant. The defendant then counterclaimed for a permanent injunction against the plaintiff. Each of the parties also petitioned the court for an injunction pendente lite and each obtained an ex parte restraining order pending the hearing on the petition. The notice of hearing on the petitions and the restraining orders were issued in the form of an order to show cause in the nature of a restraining order. The hearings on each order to show cause were set for the same day. On the day of hearing each of the parties appeared and submitted affidavits in resistance to the issuance of a temporary injunction. During the hearing the parties indicated a desire to resume negotiations. The trial court recognized that no meaningful negotiations could be held if both temporary restraining orders remained in effect. It tentatively determined to temporarily dissolve one and temporarily continue the other in effect. The period allowed was two weeks. The order entered states that after two weeks "the said matter will be heard on its merits." The "said matter" has reference to both petitions for temporary injunction.

This was made clear. The court said, in explanation of its action:

" * * * So I am going to dissolve the restraining order for this period. At the end of the two-week period from today, if it is necessary to have a further hearing on this matter, then we can hear it on the merits as to what sanctions may be imposed. If it is necessary at that point to restrain the school board from taking or doing acts which would be considered unlawful or interfering with the North Dakota Education Association, the court will at that time entertain that request."

Thus, in my opinion, the trial court has not vacated nor refused to set aside the temporary restraining orders previously made without notice, as contemplated by Section 28–27–02(7), N.D.C.C., quoted in the majority opinion. It made no final decision; instead, it retained jurisdiction of all issues.

The order appealed from, in my opinion, is a tentative interlocutory order intended to be effective during the continuance of the hearing on the orders to show cause. The main action was not upon the calendar for trial and could not be reached for decision at this time, and the trial court did not reach a consideration of the petitions for temporary injunctions on the merits.

A tentative order of this character is not infrequently made by a court where, as here, the relief calls for the exercise of judicial discretion for the purpose of informing itself as to its duties and to ascertain what final action should be taken by observing the results of the order while it is in operation. Ordinarily, by oral pronouncement, the ex parte order will be continued in effect while the hearing is continued to another day. The fact that the order is made in writing and signed by the judge does not change the character of the act.

The appellants and the majority have cited Gillies v. Radke, 78 N.D. 974, 54 N.W.2d 155, wherein it is stated in the syllabus that "an order continuing a temporary injunction *after* a hearing is an appealable order." [Emphasis added.] In the body of that opinion the court made clear what it meant by the word "after" in the above syllabus. It stated:

" * * * However, both the original issuance of the injunction and its subsequent continuation at the *close* of the hearing on May 10 were orders issued by a court that had jurisdiction of both the subject matter and the parties. No appeal was taken from the order continuing the injunction, as might have been done under the provisions of Section 28–27–02, NDRC 1943." [Emphasis added.]

The hearing in this case was not closed and the order appealed from is not "an order made by the district court after a hearing is had upon notice," as provided by Section 28–27–02(7), N.D.C.C., defining appealable orders. The order appealed from is merely a tentative interlocutory order to remain in effect until such time as the judge who made the ex parte order has a chance to reconsider his decision in an adversary proceeding and makes a final order after the hearing is completed. Such an appealable order would have been entered, had the hearing on the order to show cause been held following the entry of the tentative order setting the matter for hearing on the merits in two weeks. However, no attempt was made to secure an appealable order. The order which was entered from which this appeal is taken was expressly made subject to the further order of the court when the hearing was ordered resumed and, in my opinion, is not an order made after a hearing which vacates or refuses to set aside an order previously made without notice, as defined in the statute. For similar holdings, see Commonwealth ex rel. Eagen v. Dunmore Borough School Directors, 343 Pa. 440, 23 A.2d 468. This was a proceeding in mandamus to secure a taxpayer the right to inspect the accounts and records of a school

district. The court issued its writ of mandamus to the members of the school board, commanding them to allow the inspection or to show cause why the relief prayed for should not be heard. After a hearing, the court entered an order continuing the matter until a further order of the court and directed that the board members permit an inspection and examination of the books of the taxpayers or their agents for certain limited hours of each day except Sunday. The Pennsylvania Supreme Court dismissed an appeal from this order on the ground that it was tentative and interlocutory, and therefore not appealable.

In Green v. Green (Tex.), 247 S.W.2d 583, the Civil Appeals Court dismissed an appeal from a judgment or order which on its face disclosed that the trial court had reserved further action thereon to a later date as being interlocutory and not an appealable order.

The majority also cites Subsection 3 of Section 28-27-02, N.D.C.C., to support its decision that the order is appealable. This subsection provides an order which "grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding" is an appealable order. This subsection has no application here. We are concerned with a restraining order the purpose of which is to restrain the opposing party, pending a hearing on the application for a temporary injunction. Restraining orders of this type are provided for by Sections 32-06-06 and 32-06-07. If, after the hearing on the order to show cause, a temporary injunction is issued, the restraining order ceases to exist by its own limitations. The order which is issued by the court after the close of the hearing may be appealable under either Subsection 3 or Subsection 7. If Subsection 3 is applicable here, as indicated by the majority, then it may logically follow that an ex parte restraining order is also appealable as it is an order which "grants * * * an injunction" in the sense that a restraining order is, in effect, a species of injunction. If this is the intent of the majority, it is, of course, contrary to what we have said in previous holdings, such as Gillies v. Radke, *supra*, and State ex rel. Olson v. Lynch (N.D.), 138 N.W.2d 785.

In an action for a permanent injunction there may be three types of orders issued, all of which are injunctional in nature. First, there may be an ex parte restraining order which is effective until the court has held its hearing on the order to show cause. The restraining order may be followed by a temporary injunction which will be effective during the pendency of the action and, finally, after the trial of the action, a permanent injunction may be issued. This action is still in the first phase of these processes. We are asked to review the restraining order, which was issued ex parte and still retains its ex parte character. A temporary injunction has not been granted. The process of determining whether it shall be granted was still pending when the purported appeal was taken.

A purported appeal from a nonappealable order does not confer jurisdiction upon the Supreme Court to review the action of the trial court, and the Court will dismiss the appeal on its own motion, whether or not the point is raised by the respondent. Trautman v. Keystone Development Corporation (N.D.), 156 N.W.2d 817; Application of Hvidsten Transport, Inc. (N.D.), 113 N.W.2d 73; Schrock v. Roy (N.D.), 111 N.W.2d 703; Ferguson v. Jensen, 76 N.D. 647, 38 N.W.2d 560; Kennelly v. Northern P. R. Co., 41 N.D. 395, 170 N.W. 868.

The majority has stated that if the trial court is permitted, by continuances, to make temporary orders which are not appealable for short periods of time there is no reason why it could not issue a series of such orders, or to continue such an order for two months instead of two weeks. There are many occasions when a trial court, for cogent reasons, continues a hearing to another day. Such continuance

must be reasonable as to time and based upon valid reasons. If a party is aggrieved by the court's continuance because it is unreasonable as to time or there is no just basis therefor, he is not without a remedy. Application may be made to this Court for a supervisory writ, and this Court, under its superintending powers provided by Section 86 of the Constitution, may direct the trial court to resume the hearing, and to act if it finds the trial court has abused its discretion.

KNUDSON, J., concurs in the above.