PEOPLES STATE BANK OF VELVA,
Plaintiff-Appellee,

v.

STATE BANK OF TOWNER and the
State Banking Board,
Defendants-Appellants.

Civ. No. 9335.

Supreme Court of North Dakota.

April 26, 1977.

As Amended July 26, 1977.

Frank F. Jestrab, Williston, and David O. Lee, Department of Banking and Financial Institutions, Bismarck, Sp. Asst. Attys. Gen., for State Banking Board, defendant and appellant; argued by Frank F. Jestrab, Bismarck.

Donald R. Holloway, Bismarck, for State Bank of Towner, defendant and appellant.

Pringle & Herigstad, Minot, for Peoples State Bank of Velva, plaintiff and appellee; argued by Thomas A. Wentz, Minot.

PAULSON, Judge.

This is a motion made pursuant to Rule 8(a) of the North Dakota Rules of Appellate Procedure filed subsequent to the order of the district court of McHenry County dated March 18, 1977, denying the motion made by the defendants, the State Bank of Towner and the North Dakota State Banking Board [hereinafter the Bank of Towner and the Banking Board, respectively] to stay the preliminary injunctive relief granted by the district court on March 16, 1977.

Until November 26, 1976, a paying and receiving station was operated in Granville, North Dakota, by the former Pioneer State Bank of Towner. On November 26, 1976, the State Bank Examiner of the Commission of Banking and Financial Institutions of the State of North Dakota, pursuant to § 6–07–04 of the North Dakota Century Code, took possession of the books, records, and other property of the former Pioneer State Bank of Towner, including its paying and receiving station at Granville. Under the control of the State Bank Examiner, the Pioneer Bank of Towner remained open for limited purposes as did, also, the Granville pay station. The Granville pay station continued open for the convenience of the public in recognition of the need for banking services, and continued to receive payments due the bank, to cash checks, and to make change, all of which had been within the scope of the station's activities since it was established in 1975.

On December 16, 1976, notice of hearing of application for a new bank charter in Towner, North Dakota, was published in the Mouse River Farmers Press. No reference was given to the paying and receiving station at Granville. On December 20, 1976, the plaintiff, Peoples State Bank of Velva [hereinafter Bank of Velva], filed the statutorily required application for a paying and receiving station at Granville. § 6–03–15, N.D.C.C. On December 26, 1976, the former Pioneer State Bank of Towner, by a majority vote of its board of directors, placed its assets and property in control of the Banking Board, as provided by § 6–07–10, N.D.C.C.

On January 5, 1977, the Bank of Towner was granted a charter for a bank in the city of Towner. Such bank acquired some, but not all, of the assets of the former Pioneer State Bank of Towner. On January 17, 1977, the paying and receiving station at Granville, formerly operated by the former Pioneer State Bank of Towner, commenced operation under the Bank of Towner, without having made application to the Banking Board for a permit for the establishment

and maintenance of such station, pursuant to § 6–03–15, N.D.C.C. The Bank of Velva, alleging that the Bank of Towner's operation of a paying and receiving station at Granville was illegal and that its continued operation would do irreparable harm to the Bank of Velva's competitive standing at the upcoming hearing on its application to operate a paying and receiving station at Granville, to be heard April 14, 1977, petitioned the district court for injunctive relief to prevent the continued operation of the paying and receiving station at Granville by the Bank of Towner.

The instant proceeding does not address itself to the merits of the underlying case, but, rather, is limited to determining whether or not the application of the Bank of Towner and the Banking Board for a stay of the preliminary injunctive relief granted by the district court in the instant case pending appeal to this court should be granted.

The Bank of Towner and the Banking Board assert that the preliminary injunctive relief granted by the district court in the instant case should be stayed pursuant to Rule 8(a) of the North Dakota Rules of Appellate Procedure during the pendency of appeal to this court of the order of the district court granting preliminary injunctive relief, and that the district court's failure to grant such a stay was erroneous for five reasons:

1. The preliminary injunction granted disturbs the status quo;

2. The Bank of Velva has failed to show that there is a likelihood of prevailing on the merits;

3. The Bank of Velva has failed to show that it has no adequate remedy at law;

4. The injunction is contrary to the public interest and its effect is to deprive the people of Granville of the services of a paying and receiving station during the pendency of the appeal; and

5. The Banking Board has primary jurisdiction and is currently considering an application of the Bank of Velva to establish a paying and receiving station in Granville.

## I.

■ The contention by the Bank of Towner and the Banking Board that a stay should be issued during the pendency of appeal in the instant case because the preliminary injunctive relief granted by the district court disturbs the status quo is without merit.

Prior to November 26, 1976, the former Pioneer State Bank of Towner operated the paying and receiving station in Granville. On November 26, 1976, such operation ceased and the paying and receiving station at Granville continued to function under the control of the North Dakota State Banking Commissioner, performing limited banking services—cashing checks, making change, and receiving payments due the former Pioneer State Bank of Towner. On January 17, 1977, the State Banking Commissioner ceased operation of the paying and receiving station at Granville, and such operation was assumed by the Bank of Towner.

## II.

■ The second reason asserted by the Bank of Towner and the Banking Board why a stay should be issued in the instant case—that the Bank of Velva has failed to show that there is a likelihood of prevailing on the merits—is also without merit.

The Bank of Velva in its complaint and accompanying affidavits submitted to the district court alleges that the Bank of Towner's operation of a paying and receiving station at Granville was illegal in that it was being conducted prior to the Bank of Towner's having made application for the establishment and maintenance of such a paying and receiving station, pursuant to § 6–03–15, N.D.C.C.; and without a finding having been made by the Banking Board, after hearing, that the public convenience and advantage will be promoted by the establishment and maintenance of such paying station, as is required by § 6–03–16, N.D.C.C.

In response to the allegations made by the Bank of Velva, the Bank of Towner and the Banking Board contend: (1) that the Bank of Towner does not need to make an application to operate a paying and receiving station at Granville, because the Bank of Towner comes within the provisions for banking institution consolidation and merger set forth in §§ 6–03–11 and 6–03–12, N.D.C.C.; and (2) that if the Bank of Towner was required to make application to operate a paying and receiving station at Granville and the Banking Board was required to make findings on such application, the requirements were satisfied by the application for a banking charter by the group wishing to form the Bank of Towner and by the hearing held on December 21, 1976, by the Banking Board to consider such banking charter application.

The legal arguments of the Bank of Towner and the Banking Board are unpersuasive—the Bank of Towner is not a "consolidated" or "merged" bank with the former Pioneer State Bank of Towner, as provided for in §§ 6–03–11 and 6–03–12, N.D. C.C., and, therefore, does not come within the provisions of such sections. Further, the December 21, 1976, hearing was not held to consider an application by the Bank of Towner to establish a paying and receiving station at Granville, but, rather, was held for the purpose of granting a new bank charter to the Bank of Towner to operate a bank in the city of Towner. In a document entitled "Memorandum of Understanding", signed December 20, 1976, the principal applicants, acting for and on behalf of the Bank of Towner, made the following covenant, in part III thereof:

> "The Applicants [Bank of Towner] covenant that they will take all necessary action to request that the State Banking Board of the State of North Dakota allow them to continue operating the present paying and receiving stations of the Pioneer State Bank at Willow City, Upham, Anamoose and Granville, North Dakota, as authorized paying and receiving stations of the newly chartered State Bank of Towner."

The foregoing would indicate to this court that it was the understanding of the principal applicants for the Bank of Towner that they had not yet made application to the Banking Board for authorization to operate a paying and receiving station at Granville. Based upon the limited record before this court at this time, it appears that the Bank of Towner's operation of the paying and receiving station at Granville was not authorized by law.

### III.

The third reason given by the Bank of Towner and the Banking Board in support of their motion for a stay of the preliminary injunctive relief granted in the instant case is that the Bank of Velva has failed to show that it has no adequate remedy at law. We disagree.

The Bank of Velva alleges that there are two forms of irreparable injury which will result from the continued operation of the paying and receiving station at Granville by the Bank of Towner during the pendency of this suit. First, the Bank of Velva contends that it will lose potential business contacts—based on the assumption that people doing business with the Granville paying and receiving station operated by the Bank of Towner will be more inclined to take their banking business to Towner, rather than to Velva. Second, the Bank of Velva contends that it will lose its competitive standing at the hearing before the Banking Board on its application for the establishment of a paying and receiving station in Granville, to be heard on April 14, 1977. We find such alleged injury, if established, to be of a nature for which damages would be difficult, if not impossible, to ascertain. In the instant case the equitable remedy of injunction is better adapted to render more perfect and complete justice than any available remedy at law, and, therefore, is appropriate. *Graven v. Backus*, 163 N.W.2d 320 (N.D.1968).

### IV.

The assertion by the Bank of Towner and the Banking Board that a stay

should be issued during the pendency of the appeal in the instant case because the injunctive relief granted is contrary to the public interest and its effect is to deprive the people of Granville of the services of the paying and receiving station during the pendency of the appeal is also without merit.

### V.

■ The assertion made by the Bank of Towner and the Banking Board that a stay should be issued during the pendency of the appeal in the instant case because the Banking Board has primary jurisdiction and is currently considering an application of the Bank of Velva to establish a paying and receiving station in Granville is not persuasive. The issue before this Court and the district court does not involve the application of the Bank of Velva to establish a paying and receiving station in Granville, but, rather, is solely concerned with the allegedly illegal operation of a paying and receiving station in Granville by the Bank of Towner. The only matter before the district court is the question of whether or not the Bank of Towner and the Banking Board have complied with the statutory requirements set out in § 6–03–15 and 6–03–16, N.D.C.C. No administrative functions of the Banking Board are being usurped by the district court in this action.

Because it appears from the records and files before us in the instant proceeding:

1. that the Bank of Towner has been operating a paying and receiving station in Granville illegally, in that no application for the establishment and maintenance of such paying and receiving station has been made pursuant to § 6–03–15, N.D.C.C., and no finding has been made by the Banking Board, after hearing, that the public convenience and advantage will be promoted by the establishment and maintenance of such paying and receiving station, as is required by § 6–03–16, N.D.C.C.;

2. that such continued operation would cause irreparable injury to the Bank of Velva for which the equitable remedy of injunction is best adapted to render more perfect and complete justice than any available remedy at law;

3. that it is in the public's interest to allow only legally established banking facilities to conduct banking operations within this State; and

4. that no countervailing injustices will inure to either the Bank of Towner or the Banking Board—

the preliminary injunctive relief ordered by the district court in the instant case should not be stayed pending such order's appeal to this court.

Motion to stay preliminary injunctive relief pursuant to Rule 8(a), N.D.R.App.P., is denied.

ERICKSTAD, C. J., and SAND and VOGEL, JJ., concur.

PEDERSON, Justice (dissenting).

We are asked to stay pending appeal a "restraining order" which may or may not be staying anything at the time we can be expected to act. At any time after April 14, 1977, the restraining order can be rendered meaningless by action of the State Banking Board, one of the parties to the action requesting that this Court issue a stay.

There is no justiciable issue when a party to the action can and may have already made the matter moot. We should decline to act on the motion and should not render an advisory opinion.