**PEOPLES STATE BANK OF VELVA,**
**Plaintiff/Appellee,**

v.

**STATE BANK OF TOWNER and the**
**State Banking Board,**
**Defendants/Appellants.**

**Civ. No. 9335.**

Supreme Court of North Dakota.

Oct. 3, 1977.

Frank F. Jestrab, Williston, Illona A. Jeffcoat-Sacco, Dept. of Banking & Financial Institutions, Bismarck, Sp. Asst. Atty. Gen., for defendant and appellant State Banking Board; argued by Frank F. Jestrab.

Donald R. Holloway and David O. Lee, Bismarck, for defendant and appellant State Bank of Towner; argued by David O. Lee.

Pringle & Herigstad, P. C., Minot, for plaintiff and appellee; argued by Thomas A. Wentz, Minot.

PAULSON, Judge.

This is an appeal by the defendants, the State Bank of Towner and the North Dakota State Banking Board [hereinafter the Bank of Towner and the Banking Board respectively], from a preliminary injunction issued by the District Court of McHenry County on March 18, 1977. Said injunction was granted to the plaintiff, Peoples State Bank of Velva [hereinafter Bank of Velva], temporarily enjoining the Bank of Towner from operating a paying and receiving station at Granville, North Dakota. The Bank of Towner and the Banking Board request this court to reverse the preliminary injunction issued by the district court.

On December 20, 1976, the Bank of Velva filed the statutorily required application for a paying and receiving station at Granville.

On January 17, 1977, the paying and receiving station at Granville, previously operated by the former Pioneer State Bank of Towner, commenced operation under the Bank of Towner. No application was filed by the Bank of Towner with the Banking Board for a permit for the establishment and maintenance of such station, as required by § 6–03–15 N.D.C.C.

The Bank of Velva commenced a lawsuit on February 26, 1977, in the District Court of McHenry County, requesting preliminary and permanent injunctive relief to prevent

the continued operation of the paying and receiving station at Granville by the Bank of Towner.

On March 18, 1977, the district court granted the Bank of Velva a preliminary injunction, temporarily restraining the Bank of Towner from operating a paying and receiving station at Granville.

On March 21, 1977, the Bank of Towner and the Banking Board appealed from the preliminary injunction and also made a motion in the district court for a stay of the preliminary injunction pending appeal. On March 21, 1977, the district court denied the motion for a stay.

The Bank of Towner and the Banking Board then brought before this court a motion for a stay of the preliminary injunction pending appeal, pursuant to Rule 8(a) of the North Dakota Rules of Appellate Procedure. On April 26, 1977, this court denied the motion for a stay, in *Peoples State Bank of Velva v. State Bank of Towner*, 253 N.W.2d 174 (N.D.1977).

The Bank of Towner and the Banking Board have brought this appeal requesting a reversal of the order of the district court of McHenry County issued March 18, 1977. Said order provides, in relevant part:

"Defendant State Bank of Towner shall be, and hereby is, restrained from operating the paying and receiving station in the City of Granville, McHenry County, North Dakota, from and after the close of business on the 5th calendar day following service of this order on an officer of said Defendant and until the further order of this court or until the due issuance of a permit to operate such station by the defendant The State Banking Board after fair hearing pursuant to N.D.C.C. § 6–03–16, held on or after April 14, 1977.

"The Defendant State Banking Board of North Dakota be, and it hereby is, restrained from permitting the operation of said paying and receiving station at Granville, North Dakota, by Defendant State Bank of Towner during the pendency of this action and until further order of this court or until it shall have fully complied with the hearing provisions of N.D.C.C. § 6–03–16 at a hearing held on or after April 14, 1977."

On April 14, 1977, the Banking Board held a hearing on the application of the Bank of Velva to establish a paying and receiving station at Granville. Both the Bank of Velva and the Bank of Towner were represented at this hearing. On June 14, 1977, the Banking Board rendered its decision, which provides, in part:

"IT IS, THEREFORE, ORDERED, that the application of Peoples States Bank of Velva, Velva, North Dakota, to establish a paying and receiving station at Granville, North Dakota, be, and hereby is, in all things denied and that State Bank of Towner, Towner, North Dakota, be, and hereby is, granted permission to establish and maintain a paying and receiving station at Granville, North Dakota."

The preliminary injunction was dissolved, by its own terms, upon the Banking Board's issuance of a permit, in compliance with the hearing provisions of § 6–03–16, N.D.C.C.

It is well settled law that the courts cannot give advisory opinions and that an appeal will be dismissed if the issues therein become moot or academic, leaving no actual controversy to be determined. *Wiederanders v. Wiederanders*, 187 N.W.2d 74, 78 (N.D.1971); *Wahpeton Public School District v. North Dakota Education Association*, 166 N.W.2d 389, 393 (N.D.1969); *State v. Gussner*, 92 N.W.2d 65, 66 (N.D. 1958); *Hart v. Bye*, 86 N.W.2d 635, 637 (N.D.1957); *Brace v. Steele County*, 77 N.D. 276, 42 N.W.2d 672, 676 (N.D.1950).

We conclude that the termination of the preliminary injunction has rendered moot the issues brought on this appeal as to whether said preliminary injunction should be affirmed or reversed.

In *Brace v. Steele County, supra,* the defendant appealed from a district court order issuing a temporary injunction restraining the defendant from obstructing a waterway. Subsequent to the issuance of

the temporary injunction, the defendant placed culverts in the highway which permanently obviated the possibility of obstruction to the waterway. This court held that the issues concerning whether the temporary injunction should be affirmed or reversed were mooted by the installation of the culverts, and the appeal would not be considered on its merits. The issues on appeal in the instant case, as in *Brace, supra,* have become moot by occurrences subsequent to the issuance of the preliminary injunction. The issuance of a permit by the Banking Board to the Bank of Towner to operate a paying and receiving station at Granville caused the preliminary injunction to terminate by its own terms. Consequently, no actual controversy remains with regard to the issues presented on this appeal.[1]

In the case of *State v. Gussner, supra,* the district court entered a temporary writ of prohibition restraining the defendants from holding certain athletes ineligible for participation in the spring games. The district court, after a hearing was held, entered a final writ of prohibition against the defendants from which they appealed. This court held that, since the athletes had already been allowed to participate in the spring games pursuant to the temporary writ of prohibition, the issues on appeal were moot and could not be considered. The appeal was dismissed. The defendants in *Gussner* contended that several of the issues brought on appeal may arise under similar circumstances in the future. This court, with regard to that contention, stated in *Gussner, supra* 92 N.W.2d at 66:

"Suffice it to say that no such future situations are before us. There is no actual controversy now existing between the parties involved.

.     .     .     .     .

"Since it is not within our power to render advisory opinions we cannot consider any of the questions raised on this appeal, or the appropriateness of the selected remedy."

The issues presented on appeal in the instant case, as in *Gussner,* do not present an actual controversy now existing between the parties involved. Although these issues may arise in the future under similar circumstances, this court does not have the power to render purely advisory opinions. In *G. W. Jones Lumber Co. v. City of Marmarth,* 67 N.D. 309, 272 N.W. 190, 194 (1937), this court stated:

". . . the courts are not permitted to . . . render legal opinions on possible controversies arising in the future, nor can the Legislature impose such nonjudicial power upon the court."

We hold that the issues presented on this appeal are moot. The preliminary injunction issued by order of the district court on March 18, 1977, has terminated by virtue of its own terms. It would be of no avail for this court to affirm or reverse said order. We therefore cannot consider, on their merits, the issues presented on this appeal. Accordingly, this appeal is hereby dismissed.

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.

---

1. It should be noted that in *Brace v. Steele County,* 77 N.D. 276, 42 N.W.2d 672 (1950), this court found it necessary to remand the case with orders to the district court to dissolve the temporary injunction which served no further purpose. Since the preliminary injunction in the instant case has terminated by virtue of its own terms a remand is unnecessary.